**John L. PYLES and Pauline Pyles, Appellants,**

**v.**

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

**No. C14–89–00843–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 3, 1991.

Rehearing Denied Feb. 7, 1991.

Bruce W. Cobb, Beaumont, for appellants.

Vance Christopher, Maureen McPherson Spector, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

Appellee sought a declaratory judgment establishing its rights under an insurance policy issued by the appellee. Appellants counter claimed asserting breach of contract, violations of the DTPA and breach of the duty of good faith and fair dealing. A jury found for the appellee. We affirm.

Appellants' roof was damaged by a hail storm. Appellee inspected the loss and estimated the damages to be $528.40. Appellants claimed the damages were in excess of $5,000. Because the parties were unable to agree on the amount of damage or the extent of the loss, appellee invoked the "appraisal provision" of the insurance policy. Appellants refused to participate in this appraisal process.

Appellee then sued pursuant to the Uniform Declaratory Judgments Act, TEX.CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011

(Vernon 1986). Appellee sought a declaration of the parties' rights under the insurance policy as well as recovery for attorneys' fees under the Act. TEX.CIV.PRAC. & REM.CODE ANN. §§ 37.004, 37.009 (Vernon 1986). Appellants counter claimed, alleging breach of contract, violations of the Deceptive Trade Practices–Consumer Protection Act and breach of the duty of good faith and fair dealing. Appellee then filed its Second Amended Original Petition, asserting that appellants' DTPA claims were groundless and that the appellee was entitled to an award of attorneys' fees under Section 17.50(c) of the DTPA. TEX.BUS. & COMM.CODE ANN. § 17.50(c) (Vernon 1987).

The jury found that the appellee had not acted in bad faith and had not waived its right to the appraisal process set out in the insurance policy. The jury further found that the appellants had not brought their DTPA claims in bad faith or for the purpose of harassment. It also found that the appellee owed the appellants only $528.40 under the policy. The trial court received and filed the verdict, without any objections. The court then entered a judgment for appellee on the jury's findings. No statement of facts has been presented to the court.

In their second and third points of error, appellants assert that the trial court erred in failing to grant their motion for new trial because appellee waived its contractual right to appraisal by filing a suit and that no evidence supported the jury's answer to one of the issues. In their fourth point of error, appellants further assert that the trial court erred in entering judgment based upon findings which were not supported by the appellee's pleadings and were excepted to by appellants' motion for new trial. In their fifth and sixth points of error, appellants claim that the trial court erred in failing to grant their motion for new trial. They attack the court's refusal to allow appellants to open and close the evidence and to open the voir dire in selecting the jury.

■ In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987). The party making a complaint on appeal has the burden of producing a record that shows properly preserved error, and that the error was reasonably calculated to and probably did lead to an improper judgment. TEX.R. APP.P. 50(d), 52(a); *see also Bristol–Meyers Co. v. Gonzales*, 548 S.W.2d 416, 429 (Tex. Civ.App.—Corpus Christi 1977, no writ). When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refuted vital findings, the burden cannot be discharged in the absence of a complete or an agreed statement of facts. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968). Here, it must be presumed that there was sufficient evidence to support all of the trial court's rulings and final judgment. Appellants' second, third, fourth, fifth and sixth points of error are overruled.

■ In their first point of error, appellants argue that the trial court erred in awarding attorneys' fees to the appellee under the Uniform Declaratory Judgments Act or on the basis of breach of contract. The standard of review for the award of attorneys' fees is whether the trial court abused its discretion in making the award. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985); *Donwerth v. Preston II Chrysler Dodge, Inc.*, 775 S.W.2d 634, 637 n. 3 (Tex.1989). The test for abuse of discretion is whether the trial court's decision was arbitrary or unreasonable. *Downer v. Aqua Marine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985). The party that complains of abuse of discretion has a burden to bring forth a record showing such abuse. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987); TEX.R.APP.P. 50(d). In this case, in the absence of a statement of facts on the issue of attorneys' fees, it must be presumed that sufficient evidence was introduced to support the findings and judgment of the trial court awarding attorneys' fees under the Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN.

§ 37.009. *Carr v. Bell Sav. & Loan Ass'n,* 786 S.W.2d 761, 765 (Tex.App.—Texarkana 1990, writ denied); *see Robinson Elec. Supply v. Cadillac Cable Corp.,* 706 S.W.2d 130, 133 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellants' first point of error is overruled.

The judgment of the trial court is affirmed.