Jonathan CHAPMAN, Appellant,

v.

The CITY OF HOUSTON and the
University of Houston,
Appellees.

No. A14–91–00856–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 25, 1992.

Rehearing Denied July 16, 1992.

Thomas C. Hall, San Antonio, for appellant.

Craig E. Ferrill, Jr., Houston, Connie Hawkins, of Austin, for appellees.

Before PAUL PRESSLER, SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal of summary judgments granted in favor of City of Houston and The University of Houston, appellees. Appellant, Jonathan Chapman, sued appellees for personal injuries as the result of an unreasonably unsafe and dangerous condition on property owned or under the control of appellees. Appellant based his cause of action on the TEX.CIV.PRAC. & REM. CODE ANN. § 101.022 (Texas Tort Claims Act). The trial court concluded in two consecutive orders, an interlocutory summary judgment entered in favor of University of Houston, and then a summary judgment in favor of City of Houston, disposing of all remaining issues and parties, that appellees were entitled to summary judgment as a matter of law. We affirm.

On June 21, 1987, appellant was walking with his girlfriend and cousin on the Main Street bridge along a double wall in front of the University of Houston Building downtown. Appellant thought there was a sidewalk on the other side of a small ledge that he saw next to him. He jumped over the wall and fell 2 floors down into the parking lot causing severe personal injuries.

Appellant sued the University of Houston (University) and City of Houston (City) for the unreasonably dangerous and unsafe condition or design under their control which caused appellant's injuries, and for failing to provide adequate warnings and maintenance. Specifically, appellant alleged that the double wall at the street level above parking lot M, between the One Main Plaza Building at the University of Houston downtown campus and the Main Street Bridge overpass, was a premises defect and/or a special defect pursuant to Sec. 101.022 of the Tort Claims Act.

Appellant sent requests for admissions to the University and to the City on February 10, 1988. The City filed its responses to request for admissions on March 9, 1988.

The University failed to file its responses to request for admissions within the thirty days required by the Texas Rules of Civil Procedure. The University filed its responses on April 4, 1988.

On March 8, 1990, the University filed its motion for summary judgment based on governmental immunity, and for failure to state a claim actionable under the Texas Tort Claims Act. Then on April 2, 1990, the University filed a motion requesting the trial court withdraw any deemed admissions. The University requested hearing on the motion to withdraw deemed admissions on May 7, 1990. Nevertheless, prior to this hearing date, the trial court granted the University's motion for summary judgment on April 3, 1990.

The City of Houston subsequently filed motion for summary judgment asserting essentially the same arguments as University of Houston. The City's motion for summary judgment was granted on July 22, 1991. In the Court's order, the Court declared that it was a final judgment since summary judgement had been previously granted in favor of the University therefore the suit should be dismissed.

In points of error one and two, appellant contends that the trial court erred in granting summary judgment in favor of both appellees. To be entitled to summary judgment, the movant has the burden to establish that there exist no genuine issues of material fact thereby entitling him to judgment as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991) (citation omitted). An appellate court must resolve all doubts against the movant and view the evidence in the light most favorable to the non-movant. *Id.* (citation omitted). Both appellees moved for summary judgment based on governmental immunity and failure to present a claim actionable under the Texas Tort Claims Act. As to appellees' claim that appellant failed to present a claim actionable under the Texas Tort Claims Act, appellees were require to disprove, as a matter of law, at least one of appellant's essential elements in his claims under the Texas Tort Claims Act. *Id.* at 471. (citation omitted). With

regard to the defense of governmental immunity, an affirmative defense, appellees were required to conclusively prove all essential elements of this defense to be entitled to summary judgment. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984). Once appellees presented summary judgment evidence to prove this defense entitled them to judgment, appellant could prevail by showing that an issue of fact exists as to one or more of the elements of that defense. *Byrd International of Dallas, Inc. v. Electronic Data Systems, Corp.*, 629 S.W.2d 177, 178 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

### SUMMARY JUDGMENT IN FAVOR OF UNIVERSITY OF HOUSTON

█ In point of error one, appellant contends the trial court erred in granting summary judgment in favor of the University. Appellant first argues that because the University failed to timely file its responses to request for admissions, University admitted the following:

3. that Jonathan Chapman was injured as a result of a fall on June 21, 1987.

4. that the area in which the plaintiff fell was on property owned by the defendant, University of Houston.

5. that the area in which the plaintiff fell was maintained by the defendant, University of Houston.

7. that the defendant, University of Houston posted no warnings concerning the danger of falling between the double wall area in which the plaintiff fell.

8. that no individual, innately or institution other than the defendant, University of Houston owned, maintained or exercised control over the premises in the area of the double wall where the plaintiff fell on or about June 21, 1987.

10. that the defendant, University of Houston was not acting in its governmental capacity as defined in the Texas Tort Claims Act in the maintenance of the premises.

11. that the defendant, University of Houston was not acting in its governmental capacity as defined in the Texas Tort Claims Act in the construction of the premises.

12. that the defendant, University of Houston was not acting in its governmental capacity as defined in the Texas Tort Claims Act in the operation of the premises.

Appellant contends that based on these deemed admitted request for admissions, the University cannot argue that it did not have a duty to warn plaintiff of any dangerous condition because it does not process or control the Main Street bridge, and that the University has admitted in request for admissions that the acts in question were done outside of its governmental capacity, and are therefore discretionary, and not subject to the Texas Tort Claims Act allowing immunity. We disagree.

Texas Rule of Civil Procedure 169(1) states that the matters of which are requested in a party's request for admission are "admitted without necessity of a court order unless, within thirty days after service of the request, or within such time as the court may allow, or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection ..." Rule 169(2) then goes on to state that matters deemed admitted under 169(1) will be conclusively established "unless the court on motion permits withdrawal or amendment of the admission" and the court may permit withdrawal of "deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." In the present case, the University failed to respond to the requests for admissions within the thirty days required; however, the University filed late answers which it attached to its motion to have

deemed admissions withdrawn and to allow late filing. Although the court never conducted a hearing on the University's motion and did not enter an order stating that it was allowing the University to file the answers late, it can be inferred from the fact that the court granted the University's motion for summary judgment the day after it received this motion attaching the University's responses that the court did allow late answers in conformance with rule 169. We understand that in reviewing summary judgment, all doubts are to be resolved in favor of appellant. Nevertheless, the doubts as to whether the court allowed late answers does not go to the actual summary judgment evidence being considered in our review but goes to whether the Court allowed late responses based on Rule 169. As this court has previously stated, the rules of civil procedure allow for liberal construction in evaluating the withdrawal prerequisites of Rule 169. *Esparza v. Diaz*, 802 S.W.2d 772, 775 (Tex.App.—Houston [14th Dist.] 1990, no writ). Rule 169 clearly states a court does not have to enter an order to have responses deemed admitted. Rule 169 is silent as to whether an order is required when the court allows the late filing of responses to requests for admissions. Rule 169 only requires that a motion be filed to permit withdrawal or amendment of the admission. A motion was filed in the present case. We hold based on the inference from the summary judgment entered in the University's favor, that no order was required. Since late filing was allowed by inference, there were no deemed admissions.

 The state as sovereign is immune from suit without consent even though there is no dispute regarding the state's liability. *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *see e.g. Hosner v. De Young*, 1 Tex. 764, 769 (1847); *Board of Land Comm'rs v. Walling*, Dallam 524, 525–6 (Tex.1843). A state university, such as the University, is an agency of the state and enjoys sovereign immunity except for liability expressed by statute which expressly waives immunity in certain instances. *Delaney v. University of Houston*, 835 S.W.2d 56, 58–59 (Tex.1992); *Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582, 584 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The Texas Tort Claims Act provides for limited waiver of state sovereign immunity for:

> Personal injury and death so caused by condition or use of tangible, personal or real property, if the government unit would, were it a private person, be liable to the claimant according to Texas Law. § 101.021 TEX.R.CIV.P. & REM.CODE ANN. (Vernon 1986).

In addition, § 101.022 provides:

> (a) If a claim arises from a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

> (b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets, or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by § 101.060.

 Despite these statutory waivers of immunity, The Texas Torts Claims Act "does not apply to a claim based on an act or omission that occurred before January 1, 1970". TEX.CIV.PRAC. & REM.CODE ANN. § 101.061 (Vernon 1986). Appellant alleged that he was injured as a result of an unreasonable, unsafe and dangerous condition of real property for which the governmental units in question would be liable were they private persons pursuant to the Texas Tort Claims Act. Specifically, appellant states in his answers to interrogatories that the unsafe condition was a ledge he saw next to him, because it caused the visual perception to him that a sidewalk was next to him allowing him to safely jump over the wall. Appellant does not contest the University's summary judgment evidence that the building in question was designed in 1929 and constructed in 1931, prior to an enactment of the Texas

Tort Claims Act in January, 1970. Nor does appellant contest the University's summary judgment evidence that no exterior structural change was made in the area where appellant jumped prior to the date of the incident. Further, it is undisputed that the bridge in question was built in 1911. The Texas Supreme Court has not settled the question as to whether an "act or omission" means the actual building of a structure in dispute, including any warnings signs or lighting. Nevertheless, the appellate courts that have addressed this question have stated that where claims concern a structure constructed prior to the Texas Torts Claims Act, the state has governmental immunity. *Burnett v. Texas Highway Department,* 694 S.W.2d 210, 211–212 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) (where portion of highway in question was constructed in 1961, prior to effective date of Act, driver and passenger injured in 1983 on that highway could not recover under Texas Torts Claims Act); *Tarrant County Water Control and Improvement District v. Crossland,* 781 S.W.2d 427 (Tex. App.—Fort Worth 1989, writ denied) (Plaintiff alleged that State was negligent because it failed to place lights or other warning devices on a bridge which span a portion of the lake upon which the victims' boat was traveling. Court held that because bridge in question was designed and completed prior to 1970, State had no liability for failure to subsequently place lights or other warning devices upon the bridge or to otherwise warn its invitees or licensees of the danger); *Shives v. State,* 743 S.W.2d 714, 716–717 (Tex.App.—El Paso 1987, writ denied) (state could not be held liable for design of intersection that was constructed 14 years prior to effective date of Texas Torts Claims Act). Appellant argues that this holding is illogical and that the date of injury should be the date of "act or omission" in construing section 101.061 because that was the date when no warning signs or protections were posted at the structure which caused the injury. Appellant's only legal authority is section 101.060 which provides that the government has an ongoing duty with regard to removal or destruction of road signs. Tex.

Civ.Prac. & Rem.Code Ann. § 101.060 (Vernon 1986). He then argues by analogy that the University, had an ongoing duty to make safe the premises by signs or other means. The date the injury resulted from failing that duty is the date appellant argues should be applicable under the Texas Torts Claim Act. To hold otherwise, appellant argues, would mean the State would not have liability under section 101.060 from the date of any accident resulting from the State's breach of that duty, but only from the date of construction of premises in question. We disagree. The liability imposed by section 101.060 concerning traffic and road control devises was specifically included in the statute to make clear that the State has a duty with regard to road signs. The acts or omissions of the State with regard to section 101.060 is when it violates that statute. In the present case, appellant is not alleging a traffic or road sign problem pursuant to section 101.060, but liability arising from a condition on property owned by the state pursuant to sections 101.021 and 101.022. Clearly article 101.061 intended to provide for abolishment of governmental immunity without causing havoc. Subjecting the state to liability for structures built prior to the act places the state in an unfair position of trying to analyze every structure under its control and then rebuild, redesign and make safe all of those structures quick enough in order to protect the State from liability. Appellant does not specify what act or omission occurred after 1970 other than the failure to provide warnings or barriers. When the University's building was completed, it did not include instructions, lights, warnings, signs, or barriers. After 1970, the University continued to leave undone the installation of warnings, and the legislature enacted no statute requiring a duty on the State to make safe all structures under the state's control. This accident is the only relevant event that occurred after 1970, the accident itself was not an act or omission by the University. *Burnett,* 694 S.W.2d at 211–212; *Tarrant County, supra.* We, therefore, hold that the exclusion of 101.061 applied in this case and the University has immunity.

Nevertheless, even if the exclusion of 101.061 did not apply, the summary judgment evidence conclusively shows that the appellant failed to present a claim as a premise or special defect. If a premise defect exists, the State's duty is that owed by a private person to a licensee on private property, which is the duty not to injure the licensee by willful, wanton or grossly negligence conduct. *State Dept. of Highways and Public Transportation v. Payne,* 838 S.W.2d 235 (Tex.1991) (not yet reported) (citing *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974)). The only exception is if the licensor has knowledge of a dangerous condition, and the licensee does not, in which case the licensor has a duty either to warn the licensee or to make the condition reasonably safe. *Id.* Appellant did not plead that the State engaged in any willful, wanton or grossly negligent conduct, nor did appellant plead that the State had knowledge of the alleged dangerous condition while he did not. Appellant only contends that the University should have warned or protected appellant from the alleged defect. Based on the pleadings, we find no basis for a claim for premises defect. Further, as to appellant's claim that the premises was a special defect. We disagree. A special defect is not defined in section 101.022 of the Texas Tort Claims Act, but the statute gives two examples, excavations or obstructions on highways. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986). Appellant did not point to any such excavation or construction on the bridge or on the premises owned by the University which would cause him to leap off the bridge without first looking to see if such leap would be safe. The cases cited by appellant in support of the proposition that an on going duty to warn existed were *City of Houston v. Jean,* 517 S.W.2d 596 (Tex.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); and *State v. McBride,* 601 S.W.2d 552 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). Nevertheless, these cases are distinguishable from this case because both dealt with conditions which were "like an excavation or obstruction on a roadway" and the Court held them to be special defects. In *State v. McBride,* the road in question was under repair and in *City of Houston v. Jean,* the Court held the ditch was an excavation and therefore fit the statutory definition of a special defect directly. In the second footnote in *State Department of Highways and Public Transportation v. Payne,* 838 S.W.2d 235 (Tex.1991), the Supreme Court made clear that it disapproved of cases that classified a defect as a special defect if the defect involved was not like an excavation or obstruction on a roadway. Because the double wall appellant complains of is not like an excavation or obstruction on a roadway, it is not a special defect, and therefore appellant has no claim against the University for a special defect. In sum, we hold that appellant failed to present an actionable claim under section 101.022 of the Texas Torts Claims Act for a premises or special defect. Appellant's point of error one is overruled.

## SUMMARY JUDGMENT IN FAVOR OF THE CITY OF HOUSTON

In point of error two, appellant contends that the trial court erred in granting summary judgment in favor of the City of Houston. The City's first motion for summary judgment was denied by order of July 15, 1991. The City then filed a second motion for summary judgment which was granted on July 22, 1991. Appellant did not file the attorney's second motion for summary judgment with accompanying affidavits and attachments with this court for review. Nevertheless, subsequent to oral submission of this case, we granted appellant a generous extension of time to file these documents. Despite the extension of time given, appellant failed to file these documents for our review. It is appellant's burden to present to the appellate court a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d) and 53. Without a sufficient record, it must be presumed on appeal that the City submitted sufficient summary judgment evidence to support the trial court's judgment in favor of the City. *See Pyles v. United Services Automobile Assoc.,* 804 S.W.2d 163, 164

(Tex.App.—Houston [14th Dist.] 1991, no writ); *Von Behren v. Von Behren*, 800 S.W.2d 919, 922 (Tex.App.—San Antonio 1990, no writ) (citing *Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955); TEX.R.APP.P. 50(d)). Appellant's point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.