The UNIVERSITY OF TEXAS–PAN
AMERICAN, Appellant,

v.

Mario Alberto VALDEZ, Appellee.

No. 13–92–022–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 28, 1993.

Rehearing Overruled Dec. 29, 1993.

David Allan Smith, Asst. Atty. Gen., Dan Morales, Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., Delmar L. Cain, Asst. Atty. Gen., Will Pryor, First Asst. Atty. Gen., Austin, for appellant.

Jesus Ramirez, Jose R. Guerrero, Montalvo & Ramirez, McAllen, for appellee.

Before SEERDEN, C.J., and KENNEDY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

Mario Valdez sued the University of Texas–Pan American ("the University") under the Texas Tort Claims Act to recover damages for personal injuries he sustained during a baseball game at the University baseball field. A jury found that Mr. Valdez's injuries were caused 60% by the negligence of the University and 40% by his own negligence. The trial court rendered judgment in Mr. Valdez's favor for $129,000 plus prejudgment interest and all costs of court. The University appeals asserting that Mr. Valdez's claim is barred by the doctrine of sovereign immunity, that Mr. Valdez failed to obtain jury findings necessary to support a judgment in his favor, and that the University owed no legal duty to Mr. Valdez. We reverse and render.

### Factual and Procedural Background

While enrolled as a student at the University, Mr. Valdez sustained head injuries playing left field as a member of the school's baseball team during an intercollegiate game held at a field owned and controlled by the University. In attempting to catch a long fly ball, Mr. Valdez ran into an outfield fence, and struck his head against it. Mr. Valdez consequently suffered impairment to the right side of his visual field. Mr. Valdez sued the University, under the Texas Tort Claims Act, pleading negligent use of the field, dangerous condition, and premise defect. The University both specially excepted and answered asserting its immunity as an affirmative defense to the suit. During trial, the University continued to assert its immunity by a motion for instructed verdict, by objections to the charge, and by tendering substantially correct jury questions. Over the objections of the University, the case was submitted to the jury on the sole theory that the University was negligent in using the field without a warning track. While the jury found the University negligent in its use of the field, it answered favorably to the University on two submitted questions which were material to the immunity defense. The jury found that Mr. Valdez did not pay to use the baseball field, and found "from a preponderance of the evidence that the baseball field and outfield fence in question were constructed prior to January 1, 1970." Both parties moved for judgment based on some of the jury's answers. The trial court rendered judgment for Mr. Valdez.

### Standard of Review

Because it is dispositive, we will direct our review to the appellant's second point of error. The University complains that the trial court erred in entering judgment for Mr. Valdez, and erred in failing to grant the University's special exceptions, motion for instructed verdict, and motion for judgment. The University contends that it is entitled to judgment as a matter of law, asserting that Mr. Valdez's claim is barred by the doctrine of sovereign immunity. The University's

complaints, having been timely presented to the trial court in the above motions, are properly before us for review. TEX.R.APP.P. 52(a).

■ In reviewing an assertion that, contrary to the judgment, an affirmative defense has been established as a "matter of law", this Court normally utilizes a standard which involves a two-tiered analysis of the evidence. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). However, in this case, the University actually procured jury findings favorable to its defense. These were disregarded by the trial court. Because Mr. Valdez has not challenged the legal or factual sufficiency of the evidence to support the jury findings, our review is limited to an inquiry into the propriety of the court's determination that the findings could be disregarded. The court may disregard a jury finding supported by evidence when the issue is immaterial. TEX.R.CIV.P. 301; *Eubanks v. Winn*, 420 S.W.2d 698, 701 (Tex.1967).

### Sovereign Immunity

■ The State of Texas, even if it has committed tortious acts, is immune from suit unless it gives its consent to be sued. *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970). As an agency of the State, the University enjoys the protection afforded by this sovereign immunity, except in instances where immunity has been expressly waived by statute. *See Delaney v. University of Houston*, 835 S.W.2d 56, 58–59 (Tex.1992).

■ The essence of the University's position is that under the present facts the Texas Tort Claims Act affords Mr. Valdez a single cause of action for a "premise defect." That claim, asserts the University, is barred because the "act or omission" giving rise to a premise defect claim is the actual construction of the premises, and the jury found that the construction of the ballfield with the outfield fence was completed prior to January 1, 1970. This would serve to place Mr. Valdez's suit in circumstances where the statute expressly retains immunity for the State. The University contends that Mr. Valdez has asserted no other valid theory of recovery. We agree.

### The Texas Tort Claims Act

The State of Texas has consented to suit in only limited instances which are enumerated in the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. ch. 101 (Vernon 1986 & Vernon Supp.1993). The provisions applicable to this case provide waiver of immunity for:

> personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* at § 101.021(2). However, this waiver is limited by the provision that:

> (a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.
>
> (b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

*Id.* at § 101.022. Additionally, the Tort Claims Act provides that it "does not apply to a claim based on an act or omission that occurred before January 1, 1970." *Id.* at § 101.061.

### Premise Defect

■ The threshold question presented here is whether Mr. Valdez's claim presents a cause of action for a premise defect, and if so, what constitutes the "act or omission" of the University for purposes of determining the date of occurrence.

While the act does not define "premise defect", this Court has previously applied a common, ordinary meaning to the term. *Billstrom v. Memorial Medical Ctr.*, 598 S.W.2d 642, 646 (Tex.Civ.App.—Corpus Christi 1980, no writ).

> The word 'premises' is commonly defined as 'a building or part of a building with its

grounds or other appurtenances'.... 'Land and its appurtenances'.... The word 'defect' is commonly defined as a 'shortcoming, imperfection' or 'want of something necessary for completeness'.

*Id. See also Texas Dept. of Transp. v. Henson,* 843 S.W.2d 648, 652 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (quoting *Billstrom* definition in determining that moveable, temporary barrel-signs on roadway do not constitute premise defect). Mr. Valdez's claim alleges an unsafe (imperfect) condition of the baseball field (land) and its rigid, unyielding fence (appurtenance to land). Regardless of the labels Mr. Valdez attaches to his claim, we hold that his cause of action is one alleging that a condition on real property constitutes a premise defect.

Act or Omission in Pre–1970 Premises

■ Other appellate courts that have considered this issue have held that where liability arises from a premise defect under section 101.022(a) on real property owned by the State, the "act or omission" is the actual building of the structure. When construction is complete prior to January 1, 1970, and where there have been no structural changes since that date, the State enjoys sovereign immunity. *Chapman v. City of Houston,* 839 S.W.2d 95, 99 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (State immune from liability for injuries suffered as alleged result of failure of university to warn of condition on bridge built before 1970); *Tarrant County Water Control & Improvement Dist. v. Crossland,* 781 S.W.2d 427, 432 (Tex.App.—Fort Worth 1989, writ denied) (State immune from liability for death of boaters due to failure to place warning lights on low bridge completed before 1970); *Shives v. State,* 743 S.W.2d 714, 716–17 (Tex.App.—El Paso 1987, writ denied) (State immune from liability for design of intersection constructed prior to 1970); *Burnett v. Texas Highway Dep't,* 694 S.W.2d 210, 211–12 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) (State immune from liability for injuries sustained on portion of highway constructed prior to 1970). All these cases involved facts similar to Mr. Valdez's circumstances. All the plaintiffs alleged that the State failed to maintain the premises in a safe manner or failed to warn

of an unsafe condition. They argued, as Mr. Valdez does here, that the date of injury is when the act or omission occurred because on that date the defendant was actively negligent in using the premises without a warning or without making it safe. This interpretation would render section 101.061 virtually useless as applied to premise defects, as it would waive immunity for injuries occurring on *every state owned premises,* regardless of the date of design or construction. We are of the opinion that such was not the intent of the legislature. As the *Chapman* court explained:

> Clearly article 101.061 intended to provide for abolishment of governmental immunity without causing havoc. Subjecting the state to liability for structures built prior to the act places the state in an unfair position of trying to analyze every structure under its control and then rebuild, redesign and make safe all of those structures quick enough in order to protect the State from liability.

839 S.W.2d at 99. We find this rationale persuasive and therefore hold that the alleged negligent act or occurrence which gives rise to Mr. Valdez's premise defect claim is the actual construction of the baseball field with the outfield fence.

The jury found "that the baseball field and outfield fence in question were constructed prior to January 1, 1970." Mr. Valdez admits that this finding is material to a premise defect claim, but argues that it conflicts with the jury's finding of negligence. The findings present no conflict. The doctrine of sovereign immunity is an affirmative defense. *Davis v. City of San Antonio,* 752 S.W.2d 518, 519 (Tex.1988). As such, it is in the nature of an avoidance rather than a denial of factual propositions. *Gorman v. Life Ins. Co. of N. Am.,* 811 S.W.2d 542, 546 (Tex. 1991). The University may have been negligent, but the finding of pre–1970 construction establishes its immunity to suit regardless of that negligence. It was error for the trial court to disregard the material finding of pre–1970 construction. *See Eubanks,* 420 S.W.2d at 701. The University is, therefore, immune from Mr. Valdez's premise defect claim and is entitled to judgment based on

**450**

the findings of the jury, unless Mr. Valdez has advanced a claim for some other act or omission for which the University might be held liable under the Texas Tort Claims Act.

### Other Acts or Omissions

■ Section 101.021(2) imposes general liability upon units of state government, but the clear intent of the legislature was that such liability was subject to exceptions, one of which is section 101.022, where the claim arises from "premise defects." *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974); *Hawley v. State Dept. of Highways*, 830 S.W.2d 278, 280–81 (Tex.App.—Amarillo 1992, no writ). Once the claim is determined to be a premise defect, the claimant is limited to the provisions delineated by that section and has no right to assert a general "negligent use" theory based on the continued use of the allegedly defective real property. *Id.* In his brief to this Court, Mr. Valdez agrees that *Tennison* establishes, as matter of law, that his allegations of negligence in the use of real property, fail to state a legal cause of action under Texas Tort Claims Act section 101.021, and that 101.022, the premise defect section, is the sole source for determining the University's standard of care in this case. He claims, however, that the University has waived this point of law by failing to bring it to the trial court's attention. Without determining whether it is even possible to waive a cause of action into existence, we note that this argument is wholly without merit. "The proper way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special exception." *McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex.Civ. App.—Corpus Christi 1974, no writ). *See also* TEX.R.CIV.P. 90 & 91. The University filed numerous special exceptions. Number six dealt specifically with the availability of only the premise defect claim. Additionally, the University asserted the same proposition as an affirmative defense in its answer, and again at every step of the trial, even arguing *Tennison* specifically in its motion for judgment. We hold that no waiver exists here. The trial court was properly apprised by the University's pleadings, objections and motions. TEX.R.APP.P. 52(a). Mr. Valdez's

"negligent use" theory is precluded as a matter of law.

We hold that the trial court erred in rendering judgment for Mr. Valdez based on either the premise defect or the negligent use theory and we sustain the University's second point of error. Because they are unnecessary to the final disposition of this case, we need not address the University's other points of error. TEX.R.APP.P. 90(a). The appellee has failed to raise any cross-point that would vitiate the jury findings and prevent rendition of judgment on the verdict. TEX.R.CIV.P. 324(c).

We REVERSE the judgment of the trial court and RENDER judgment for the University that Mr. Valdez take nothing by this suit.