COURT
OF APPEALS

                                                    EIGHTH
DISTRICT OF TEXAS

                                                               EL
PASO, TEXAS

 

MARIA
RENTERIA, INDIVIDUALLY               )     

AND ON
BEHALF OF JESUS RENTERIA,       )

A MINOR CHILD,                                               )                     No. 
08-01-00331-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 7

                                                                              )

HOUSING
AUTHORITY OF THE                      )                   of El Paso County, Texas

CITY OF
EL PASO, TEXAS,                              )

                                          )                          (TC# 2001-1255)

Appellee.                           )

 

O
P I N I O N

 

Maria
Renteria, individually and on behalf of Jesus Renteria, a minor child (the Renterias),
appeal from the trial court=s
order granting a plea to the jurisdiction in favor of the Housing Authority of
the City of El Paso, Texas, based upon governmental immunity from suit.  At issue is whether the Texas Tort Claims Act
waives immunity for the tragic sexual molestation of a child which occurred at
a housing project.  Finding no waiver of
immunity, we affirm.

FACTUAL SUMMARY








The
following allegations are taken from the Renterias= pleadings and evidence they submitted
in response to the plea to the jurisdiction. 
Maria Renteria lived with her ten-year-old
son, Jesus Renteria, at the Machuca
Housing Project in El Paso, Texas.  The
Housing Authority, which owns and operates the housing project, had a policy
which prohibited convicted criminals from residing on the premises yet it
permitted Enrique Martinez, a convicted sex offender, to occupy the premises.[1]  On October 29, 1999, Martinez molested Jesus,
who was playing on the housing project premises.  The Renterias filed
suit under the Texas Tort Claims Act alleging negligence, fraud,
misrepresentation, negligent misrepresentation, intentional
infliction of emotional distress, trespass, assault, and breach of the Housing
Authority=s
representations that the housing project was safe.

The
Housing Authority filed a plea to the jurisdiction alleging that the court
lacked subject matter jurisdiction due to governmental or sovereign
immunity.  The trial court granted the
plea and dismissed the Renterias= suit. 
The following day, the Renterias filed a
motion for leave to file supplemental evidence and a supplemental response to
the plea to the jurisdiction.  They also
filed a motion for new trial.  The trial
court permitted the Renterias to file supplemental
evidence and a response, but it denied the motion for new trial.

GOVERNMENTAL IMMUNITY FROM SUIT

In
the sole issue presented for review, the Renterias challenge
the trial court=s order
granting the plea to the jurisdiction. 
They contend that sovereign immunity is waived or unavailable for the
following reasons:  (1) their claims
arise from the Housing Authority=s
negligent implementation of its policies and use of real property; (2) the
Housing Authority is liable for failing to warn of or correct a clearly
foreseeable danger on the premises of which it had actual knowledge and which
created an unreasonable risk of harm; and (3) the Housing Authority is liable
for violating its ministerial duties.

Plea to the Jurisdiction








The
lack of subject-matter jurisdiction is properly raised by a plea to the
jurisdiction.  Texas
Department of Transportation v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  In the absence of the state=s consent to suit, a trial court lacks
subject matter jurisdiction.  Id.  The plaintiff has the burden to allege facts
affirmatively demonstrating that the trial court has subject‑matter
jurisdiction.  Texas
Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446
(Tex. 1993); City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.App.‑-El Paso 2000, pet. dism=d w.o.j.).  In the context of suit against a governmental
unit, the plaintiff must allege consent to suit either by reference to statute
or express legislative permission.  Jones,
8 S.W.3d at 638; Sullivan, 33 S.W.3d at 6.

Standard of Review

The
question of subject‑matter jurisdiction is a legal question which we
review de novo.  Sullivan, 33 S.W.3d at 6.  Our
task is to examine the pleadings, to take as true the facts pled, and to
determine whether those facts support jurisdiction in the trial court.  Texas Association of Business, 852 S.W.2d at 446.  We
construe the pleadings in favor of the pleader. 
Id.  If necessary, we may
review the entire record to determine if there is jurisdiction.  Id. 
If the petition does not allege jurisdictional facts, the plaintiff=s suit is subject to dismissal only when
it is impossible to amend the pleadings to confer jurisdiction.  Id. 

The Tort Claims Act








As
a governmental unit, the Housing Authority of the City of El Paso is immune
from both suit and liability unless the Tort Claims Act has waived that
immunity.  See Tex.Loc.Gov=t
Code Ann. ' 392.006
(Vernon 1999).[2]  Section 101.021 of the Tort Claims Act has
been interpreted as waiving sovereign immunity in three general areas:  Ause
of publicly owned automobiles, premises defects, and injuries arising out of
conditions or use of property.@  Texas Department of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000),
quoting Lowe v. Texas Tech University, 540 S.W.2d 297, 298 (Tex. 1976).  Pursuant to Section 101.021, a governmental
unit in the state is liable for:

(1) property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence of an employee acting
within his scope of employment if:

 

(A) the property damage, personal injury, or death arises from
the operation or use of a motor‑driven vehicle or motor‑driven
equipment; and

 

(B) the employee would be personally liable to the claimant
according to Texas law;  and

 

(2) personal injury
and death so caused by a condition or use of tangible personal or real property
if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.

 

Tex.Civ.Prac.&Rem.Code Ann. '
101.021 (Vernon 1997).

 

Condition
or Use of Tangible Personal or Real Property

and Negligent Implementation of Policies

 








The
Renterias rely upon Section 101.021(2) to establish a
waiver of immunity, alleging that their injuries were proximately caused by
negligent actions involving a condition or use of real property or tangible
personal property.  In their view, the Machuca Housing Project was Aused@ to provide housing and the playground
facilities were Aused@ to provide recreation, entertainment,
and enjoyment to all tenants.  By
authorizing Martinez to be on the premises through the negligent implementation
of its habitation policy, the Housing Authority affected the Renterias=
use of the real property and the Housing Authority used the premises to create
a risk of harm to the minor children.              We will first consider the argument
regarding the negligent implementation of the habitation policy.  Citing the City of Waco v. Hester, 805
S.W.2d 807, 812 (Tex.App.--Waco 1990, writ denied),
the Renterias argue that immunity is waived based
upon the Housing Authority=s
negligent implementation of its habitation policies.  In Hester, a former inmate sued the
city and police chief after he was assaulted in the jail by another
inmate.  Hester, 805 S.W.2d at 809.  A
jury determined that the city=s
negligent implementation of policies concerning the use of tangible personal or
real property proximately caused Hester=s
injuries.  Id.
at 813.  The Waco Court of Appeals
concluded that the following property Aused:@ 
(1) the room in which the attack took place; (2) the closed steel door
that deterred proper surveillance; and (3) the television set the guards were
known to watch instead of surveillance monitors.  Id. at 815.








Other
courts have refused to follow Hester. 
See Tarrant County Hospital District v. Henry,
52 S.W.3d 434, 442 (Tex.App.‑-Fort Worth 2001,
no pet.)(declining to follow Hester); Scott v. Prairie View A
& M University, 7 S.W.3d 717, 720 (Tex.App.--Houston
[1st Dist.] 1999, pet. denied)(stating that the day room and door were not
defective and were too attenuated from the actual injury to be considered the
proximate cause of the inmate=s
injury); Laman v. Big Spring State Hospital,
970 S.W.2d 670, 672 (Tex.App.--Eastland 1998, pet.
denied)(refusing to follow Hester to the extent it holds that a room is personalty or that a cause of action will lie for the
negligent use of real property and noting that Hester is better supported
by the court=s
reasoning that the television set was tangible personal property).  We agree with these assessments of Hester.  Moreover, Hester does not hold that
the negligent implementation of policy is sufficient, standing alone, to waive
immunity.  The policy and its negligent
implementation must be tied to the real or tangible personal property.  We must next consider whether the Renterias=
pleadings satisfy that requirement.

A
cause of action based upon the negligent use of real property or a cause of
action involving a condition of real property does not exist separately from a
cause of action for a premises defect.  Laman,
970 S.W.2d at 671-72; University of Texas-Pan American v. Valdez, 869
S.W.2d 446, 450 (Tex.App.--Corpus Christi 1993, writ
denied).  The term Apremises@ has been defined as a building
or part thereof with its grounds and appurtenances; and Adefect@ has been defined as a shortcoming, an
imperfection, or the Awant
of something necessary for completeness.@  Laman, 970 S.W.2d at 672; Billstrom
v. Memorial Medical Center, 598 S.W.2d 642, 646 (Tex.Civ.App.--Corpus
Christi 1980, no writ).  








The
Renterias have not stated a cause of action for a
premises defect because they have not alleged a defect, shortcoming, or
physical imperfection of the Machuca Housing Project
or the playground.  See Laman, 970 S.W.2d at 672 (immunity not waived for cause
of action based upon sexual assault of female psychiatric patient who had been
temporarily placed in men=s
hall and left in unlocked room because property does not cause injury if it
does no more than furnish the condition that makes the injury possible).  Nor have they alleged a condition or use of
real property or tangible personal property[3]
within the meaning of Section 101.021(2). 
In order to state a claim for which immunity is waived, usage of the
property itself must have actually caused the injury.  Texas Dept. of Criminal
Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001); Texas Natural
Resource Conservation Commission v. White, 46 S.W.3d 864, 869 (Tex. 2001).  The use of the property must be a Asubstantial factor in bringing about
the injury.@  San Antonio State
Hospital v. Koehler, 981 S.W.2d 32, 35 (Tex.App.--San
Antonio 1998, pet. denied). 
Incidental involvement of the property is insufficient.  See Dallas County Mental Health and Mental
Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.
1998), cert. denied, 525 U.S. 1017, 119 S.Ct.
541, 142 L.Ed.2d 450 (1998);  Sullivan, 33 S.W.3d at 8.  Property does not cause injury if it does no
more than furnish the condition that makes injury possible.  Bossley, 968 S.W.2d at 343; Sullivan, 33 S.W.3d at 8.  

At
best, the Renterias=
petition alleges that the property is merely involved.  While the molestation of Jesus Renteria occurred on the project=s
playground, the property itself did not cause the Renterias= injuries.  Consequently, the trial court did not err in
granting the Housing Authority=s
plea to the jurisdiction with respect to these claims.  See Scott, 7 S.W.3d at 720 (although
sexual assault of participants in summer youth program by counselor occurred in
a hotel room rented by university and at dormitory at university, the injury
was not caused by condition or use of tangible personal or real property); Laman, 970 S.W.2d at 671-72.

Failure to Warn of Dangerous Condition on Premises








The
Renterias also argue that the sex offender
registration program[4]
imposed a duty on the Housing Authority to warn its tenants of Martinez=s presence on the premises.  This claim is raised for the first time on
appeal.  We can find no error in the
dismissal of a claim which was never pled. 
And we reiterate that the Renterias failed to
allege that a defect, shortcoming, or imperfection existed on the housing
authority property.  Even if the
pleadings could be said to state this claim, it constitutes a claim of
non-usage of property which does not fall within the limited waiver of
sovereign immunity contained in Section101.021(2).   See Lamar University v.
Doe, 971 S.W.2d 191, 196-97 (Tex.App.--Beaumont
1998, no pet.)(parents alleged that their minor children were
photographed and videotaped in explicit sexual poses by university student in
his dormitory room and that university knew of student=s
pedophilic propensity but nonetheless continued to rent room to him; parents= claim that university was negligent by
failing to warn and failing to protect minor appellees
was based upon a non-use of property).

Violation of Ministerial Duties

The
Renterias next complain that the Housing Authority
breached a ministerial duty because the housing manager failed to enforce the
policy to exclude convicted sex offenders from the premises.  They argue that the implementation of
discretionary policy decisions at the subordinate or operational level is a
ministerial function not shielded by immunity. 
The Housing Authority counters that the alleged failure of the housing
authority manager must relate to one of the three circumstances under Section
101.021 for which immunity is waived.  We
agree.  Because we have already concluded
that the Renterias=
pleadings do not allege a waiver of immunity under Section 101.021, this
argument is without merit.  Their point
sole issue on appeal is overruled; the order of the trial court granting the
plea to the jurisdiction and dismissing suit is affirmed.

 

September 26, 2002

                                                                         


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  Although the
Housing Authority acknowledges that Renteria=s allegations are presumed true for purposes of this
appeal, it maintains that Martinez was not a tenant and did not live on the
premises.  The Renterias
offered evidence in response to the plea to the jurisdiction showing that the
Housing Authority had denied Martinez=s
application to become a tenant due to his criminal record.  However, Martinez was permitted to visit his
wife who was a tenant.    





[2]  Section
392.006 of the Texas Local Government Code provides:

 

For all purposes, including the application of the
Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), a
housing authority is a unit of government and the functions of a housing
authority are essential governmental functions and not proprietary
functions.  Provided, however, a housing
authority shall be subject to all landlord obligations and tenant remedies,
other than a suit for personal injuries, as set forth in any lease or rental
agreement and in Chapters 24, 54, 91, and 92 of the Property Code.

 

Tex.Loc.Gov=t Code Ann. ' 392.006.





[3]  The Renterias= pleadings do not clearly identify what items of
tangible personal property caused their injuries.  The only property identified in the pleadings
is the playground on which the assaults occurred.  The playground is part of the real property.





[4]  See Tex.Code Crim.Proc.Ann.
art. 62.01-62.13 (Vernon Pamph. 2002).