ACCEPTED
01-15-00550-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 12:50:52 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00550-CV

IN THE COURT OF APPEALS OF TEXAS
FIRST DISTRICT, HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 12:50:52 PM
CHRISTOPHER A. PRINE
Clerk

NOVA CASUALTY COMPANY AS SUBROGEE OF
DERMALOGICA, INC.,
*Appellant*

vs.

SOVEREIGN PARKING & TRANSPORTATION SERVICES, INC.,
*Appellee*

APPEAL FROM CAUSE NO. 1036244
COUNTY COURT AT LAW #4, HARRIS COUNTY, TEXAS
HONORABLE ROBERTA LLOYD, PRESIDING JUDGE

**BRIEF OF APPELLEE, SOVEREIGN PARKING &
TRANSPORTATION SERVICES, INC.**

Respectfully submitted,

John K. Woodard, SBN 00791955
Bush & Ramirez, PLLC
5615 Kirby Drive, Suite 900
Houston, Texas 77005
713/626-1555 (Telephone)
713/622-8077 (Facsimile)
kwoodard.atty@bushramirez.com

ATTORNEYS FOR APPELLEE

August 31, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................i

INDEX OF AUTHORITIES.................................................................................... ii

STATEMENT OF THE CASE................................................................................ iii

ISSUES RE-PRESENTED .....................................................................................iv

STATEMENT OF FACTS .......................................................................................1

SUMMARY OF ARGUMENT .................................................................................2

ARGUMENT ............................................................................................................3

I.     Response to Point of Error No. 1:  The Court should affirm the trial court's granting of the directed verdict and judgment in favor of Defendant because Appellant/Plaintiff appeared at the preferential trial setting, announced ready for trial, and failed to prove its case .............................................................3

II.    Cross Point No. 1:  Since this Appeal is groundless, brought in bad faith and a gross misstatement of the Record, Appellee/Defendant should be awarded sanctions including its costs and attorney fees ................................................6

CONCLUSION.........................................................................................................6

PRAYER...................................................................................................................7

CERTIFICATE OF SERVICE .................................................................................8

# INDEX OF AUTHORITIES

**CASES**

*Atchison v. Weingarten Realty Mgmt.*, 916 S.W.2d 74
(Tex.App.─Houston [1st Dist.] 1996, no pet.) ............................................................5

*Chapman v. City of Houston*, 839 S.W.2d 95
(Tex.App.─Houston [14th Dist.] 1992, writ denied)..................................................5

*Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547 (Tex.2004) ...........................4,5

*Habanero, Inc. v. Schweitzer*, No. 14-11-00339-CV, 2012 WL 19671
(Tex.App.─Houston [14th Dist.] January 5, 2012)(mem.op.)..................................5,6

*Mallios v. Standard Ins. Co.*, 237 S.W.3d 778
(Tex.App.─14th Dist, 2007, pet. denied).....................................................................5

**RULES**

Tex. R. App. P. 52.11..................................................................................................6

TO THE HONORABLE FIRST COURT OF APPEALS OF TEXAS:

## STATEMENT OF THE CASE

This Appeal is frivolous. There is no basis to contend the appearance was for a Pre-Trial conference. There were no objections to the preferential trial setting, or to Appellant/Plaintiff's inability to present any witnesses. There was no request to present any testimony telephonically. There was not even a request for a continuance. Rather, the Court Record ("C.R." and Trial Transcript ("T.T.") demonstrate:

(1) After filing suit on August 22, 2013, Appellant/Plaintiff, a subrogated insurance company, did nothing to develop its case;

(2) Plaintiff Counsel agreed the March 9, 2015 appearance was an agreed preferential trial setting;

(3) Plaintiff Counsel announced "Judge, we are ready to go to trial today;"

(4) Plaintiff's corporate representative chose not to appear at the setting;

(5) Plaintiff knew its key witness was not cooperative and outside of subpoena range, but chose not to depose her; and

(6) After submitting no evidence, Plaintiff rested its case, and upon Defendants motion, the Court properly granted a directed verdict.

# ISSUES RE-PRESENTED

Response to Point of Error No. 1:

**The Court should affirm the trial court's granting of the directed verdict and judgment in favor of Defendant because Appellant/Plaintiff appeared at the preferential trial setting, announced ready for trial and failed to prove its case.**

Cross Point No. 1

**Since this Appeal is groundless, brought in bad faith and a gross misstatement of the Record, Appellant/Defendant should be awarded sanctions including its costs and attorney fees.**

## STATEMENT OF FACTS

There is no basis to contend the trial court abused its discretion. None of the arguments presented by Appellant/Plaintiff are supported by the record. Rather, the record demonstrates Appellant/Plaintiff filed the underlying lawsuit on August 22, 2013. (C.R.4-6). Yet, there is no record of any discovery being performed by Appellant/Plaintiff in the case even though Appellant/Plaintiff knew its key witness was outside of subpoena range (T.T., p. 4, ln. 24 – p. 5, ln. 26), and its corporate representative was in California. (T.T., p. 4, lns. 17-23). Plaintiff designated no experts, and presented no witnesses or exhibits. (C.R.25)

The transcript was titled "Trial Proceedings," not "Pre-Trial" as argued by Appellant. (T.T., p. 1). Sandra Milligan appeared representing Appellant/Plaintiff. (T.T., p. 2, lns. 2-6; p. 4, lns. 4-5). Ms. Milligan knew it was "an agreed preferential setting of this case." (T.T., p. 4, lns. 20-23). Ms. Milligan announced, "Judge, we're ready to proceed to trial today." (T.T., p. 4, lns. 13-14).

Thereafter, Ms. Milligan informed the Court the corporate representative (presumably of Nova as the subrogated insurer) was in California and had elected not to attend the preferential trial setting. (T.T., p. 4, lns. 17-23). Ms. Milligan advised the Court that their fact witness was outside of subpoena range, refused to come to trial, and admitted the affidavit was not adequate testimony. (T.T., p. 4, ln.

1

24 – p. 5, ln. 26). The C.R. and T.T. demonstrate there was no attempt to submit the affidavit as evidence; no attempt to call any of the witnesses by telephone; and not a request for a continuance.

Appellant/Plaintiff then rested. (T.T., p. 5, lns. 9-10). With no witnesses and no evidence, the Court properly granted Appellee/Defendant's motion for a directed verdict. (T.T. p. 5, lns. 11-15). The trial court entered judgment in favor of Appellee/Defendant. (C.R. 21-22). The trial court also entered Findings of Fact and Conclusions of Law recognizing the case was called to trial, Plaintiff had no designated experts on damages, called no witnesses and offered no exhibits, and declaring a directed verdict for Defendant as Plaintiff failed to prove its case. (C.R. 25).

## SUMMARY OF ARGUMENT

This Court should affirm the trial court's granting of the directed verdict in favor of Defendant because the record demonstrates the case was preferentially set, called to trial, Appellant/Plaintiff announced "ready" and presented no evidence. Inasmuch as none of Appellant/Plaintiffs' arguments are supported by the record, there is absolutely no basis to contend the trial court abused its discretion. In fact, the unsupported allegations are frivolous and should be sanctioned.

# ARGUMENT

**I.** **Response to Point of Error No. 1: The Court should affirm the trial court's granting of the directed verdict in favor of Defendant because Appellant/Plaintiff appeared at the preferential trial setting, announced ready for trial, and failed to prove its case.**

The Court should affirm the trial court's granting of the directed verdict because the record clearly demonstrates the trial court acted properly. Reviewing Appellant's Brief (A.B.), there is actually no basis to support the contentions, arguments, and allegations which are the basis of this Appeal. In fact, all are directly contradicted by the record:

(1) Appellant/Plaintiff wrongfully alleges the March 9, 2015 court appearance was a Pre-Trial Conference that was converted to a Trial (A.B. pp. 2, 4, 5, 7). The T.T. clearly demonstrates the appearance was for a preferential trial setting, which Plaintiff's counsel not only acknowledged, but also announced ready for trial. (T.T., p. 4, lns. 13-23);

(2) Although Appellant/Plaintiff alleges there was a request to present evidence by telephone and it was denied by the trial court(A.B. pp. 2, 5, 6, 8), there are no such objections or rulings cited by Appellant, and a simply review of the five (5) page transcript demonstrates there was no such objection or ruling.

(3) While Appellant/Plaintiff contends objections were made to its inability to present any witnesses, and such were overruled by the Court (A.B. pp.

3

2, 3, 5, 6, 8), again, Appellant provides no citations to the record, and a review of the record demonstrates there were no such objections or rulings.

(4)     Finally, Appellant/Plaintiff contends a trial continuance was requested and denied (A.B. p. 5), but once again, Appellant does not cite the record, and a review of the record demonstrates there was no such request or ruling.

The entire basis of this Appeal is unsupported, baseless attorney argument, which are directly contradicted in the record of the trial court. With no evidence or witnesses, and the corporate representative of Nova, the subrogated insurer, evidently making a conscious decision to NOT appear at trial, the Court properly issued a direct verdict.

Moreover, it was Appellant/Plaintiff's burden to make the objections and obtain rulings, to which none are in the record. As explained by the Texas Supreme Court in the context of submitting evidence, "[a]lthough Enterprise bears the burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of summary judgment evidence to provide the appellate courts with a basis to review his claim for harmful error." *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549-50 (Tex.2004)(per curiam). "If the pertinent summary judgment evidence considered by the trial

court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment. *Id*. at 550.

The Fourteenth Court of Appeals explained *Enterprise* places the burden squarely on the party challenging the granting of summary judgment to ensure that all documents for this court to fully review the correctness of the summary judgment are in the record. *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex.App.—14th Dist, 2007, pet. denied), *citing Enterprise*, 156 S.W.3d at 549. "[C]ourts, other than this one, have held that when an appellant contends the trial court erred in granting summary judgment, the complete summary judgment record, including the motion for summary judgment, must be included in the appellate record to overcome the presumption that the omitted evidence supports the trial court's judgment when the appellee objects to the omission." *Mallios,* 237 S.W.2d at 782, *citing Atchison v. Weingarten Realty Mgmt.*, 916 S.W.2d 74, 76-77 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Chapman v. City of Houston*, 839 S.W.2d 95, 100-101 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Most recently, in January 2012, the Fourteenth Court of Appeals again confirmed that the burden is on appellant and appellant's issues on appeal must be overruled if the appellant fails to meet this burden. *See Habanero, Inc. v. Schweitzer*, No. 14-11-

5

00339-CV, 2012 WL 19671 (Tex.App.—Houston [14th Dist.] January 5, 2012)(mem.op.).

While argued and alleged, Appellant/Plaintiff puts forth absolutely no support in the court's record for the issues in this Appeal. Moreover, the record demonstrates there is no basis for this Appeal.

## II. Cross Point No. 1: Since this Appeal is groundless, brought in bad faith and a gross misstatement of the Record; Appellee/Defendant should be awarded sanctions, including its costs and attorney fees.

With no citations to the record to support this Appeal, and the record itself demonstrating this Appeal is groundless, brought in good faith, and a gross misstatement of the facts, the Court should award sanctions against Appellant/Plaintiff, which at a minimum should include the costs and attorney fees incurred by Appellee/Defendant in this Appeal. TRAP 52.11.

Attached as Exhibit A is the Affidavit of the undersigned, John K. (Ken) Woodard demonstrating Appellant incurred $3,920.00 (16 hours @ $245.00 per hour) in reasonable and necessary attorney fees in order to respond to Appellant.

## CONCLUSION

The ruling of the trial court should be affirmed and Appellant/Plaintiff should be sanctioned for this frivolous Appeal as every single basis of the appeal is directly contradicted by the record.

6

**PRAYER**

Appellee/Defendant, SOVEREIGN PARKING & TRANSPORTATION SERVICES, INC. respectfully requests that this Court the deny the appeal by Appellant/Plaintiff NOVA CASUALTY COMPANY AS SUBROGEE OF DERMALOGICA, INC., and affirm the Order of the trial court granting judgment in favor of Appellee/Defendant, award sanctions against Appellant/Plaintiff, and for any other relief to which Appellee/Defendant may be justly entitled.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ John K. Woodard*
John K. Woodard; SBN 00791955
5615 Kirby Drive, Suite 900
Houston, Texas 77005
713/626-1555 (Telephone)
713/622-8077 (Facsimile)

ATTORNEYS FOR APPELLEE,
SOVEREIGN PARKING &
TRANSPORTATION SERVICES, INC.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record as certified below on August 31, 2015.

Barata R. Hollis
HBH Law Offices, PLLC
6988 Lebanon Road, Suite 103
Frisco, Texas  75034
bibi@hbhattorneys.com


_/s/ John K. Woodard_
John K. Woodard