Thomas Howard HAWLEY, and Wife, Lou Ella Hawley, Appellants,

v.

The STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION FOR the STATE OF TEXAS, Appellee.

No. 07–91–0008–CV.

Court of Appeals of Texas, Amarillo.

April 29, 1992.

---

Templeton & Associates, Robert L. Templeton, Garner, Stone & Lovell, Sam L. Stein, Amarillo, for appellants.

Dan Morales, Atty. Gen., Alan Grundy, Asst. Atty. Gen., Austin, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellants Thomas Howard Hawley and Lou Ella Hawley bring this appeal from a judgment in favor of The State Department of Highways and Public Transportation for the State of Texas (the Department). We affirm the judgment of the trial court.

This appeal arises out of a civil action against the Department grounded in a negligence tort action and governed by Texas Civil Practice & Remedies Code, §§ 101.001 et seq. (the Texas Tort Claims Act). In addition to the Department, it was originally filed against two highway contractors, but proceeded to trial against the Department alone.

The suit arises out of an accident which occurred on September 20, 1985, at approximately 9:30 a.m. On that day, appellant Thomas H. Hawley was traveling northbound on Highway 287 (the Dumas Highway), in the south vicinity of the Canadian River Bridge. It was raining and the highway was wet. Hawley lost control of his semi-truck/tractor and trailer and crashed in a one-vehicle rollover accident in which he suffered serious injuries.

It was appellants' trial position that a portion of Highway 287 was resurfaced by the Department at a time when it did not need resurfacing and that it caused the highway to become hazardous and slippery, thereby causing Hawley's accident and injuries.

At trial, appellants proceeded on two theories. The first was that a premises defect created by the Department existed south of the Canadian River Bridge on Highway 287 in Potter County, so that the road was extraordinarily slippery. This created a dangerous situation, and the Department failed to adequately warn the traveling public of this defect or to make the highway reasonably safe for travel. The second theory, which is the one urged on appeal, is that the Department had a duty to maintain the highway, but failed in their duty, and that failure proximately caused damage to appellants.

The first theory was submitted to the jury by special issue four. That question inquired whether the Department was negligent in failing to adequately warn of the condition of the highway and by failing to make it reasonably safe at the time and place of the occurrence and whether such negligence was a proximate cause. In response, the jury answered "no."

The second theory, over objection, was submitted by special issue five. That issue inquired whether the Department was negligent by a failure to properly maintain the highway and whether such negligence was a proximate cause of the occurrence. To this issue, the jury gave a "yes" answer.

In response to other issues, the jury found the roadway at the location was a dangerous condition, and the Department and Hawley knew it was a dangerous condition. It also found that Hawley was neg-

ligent in failing to keep a proper lookout and in traveling at an unreasonable rate of speed for the conditions then existing, which negligence was a proximate cause of the accident. It also apportioned the negligence between the parties.

The trial court disregarded the jury's answer to special issue five and rendered judgment in favor of appellee. Appellants argue the trial court erred in (1) failing to recognize that premises liability is not the only theory of recovery against the Department; (2) failing to recognize that appellants stated a claim for relief under former Section 3 of the Tort Claims Act; and (3) failing to recognize that the Department's duty of care under § 18(b) of the Tort Claims Act is now a duty of ordinary care.

■ The thrust of appellants' argument in their first two points of error, as we understand it, is that the trial court erred in failing to recognize that premises liability is not the only theory of recovery available against the Department and that appellants stated a claim for relief because of injuries caused by a condition of tangible real property. They argue a cause of action existed for injuries caused by a condition of tangible real property under § 101.-021 of the Tort Claims Act which is separate and distinct from premises liability. Implicit within their contention is the theory that the limited duty pertaining to a premises defect is not applicable to that claim based upon a condition of real property.

The Texas Torts Claims Act provides, in part, that a governmental unit in the state is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex.Civ.Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1986). Section 101.-022 provides, "If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises."

In support of their contention, appellants rely upon *City of Baytown v. Townsend,* 548 S.W.2d 935 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). In that case, an injury occurred due to a protruding bolt on a tennis net post. In that case, although the defendant asserted on appeal that the protruding bolt was a premise defect with regard to which a governmental unit owes only a limited duty, the appellate court held the bolt to be tangible property that was in a defective and dangerous condition and affirmed the plaintiff's trial court judgment. However, in doing so, the court did not address the merits of the City's premises defect/limited duty contention because the issue had not been raised at the trial court level. *Id.* at 939. That being true, the decision is inapposite to the question before us.

Appellants also rely upon the fact that under the prior version of the Texas Torts Claims Act, the liability for injuries caused by a condition or use of tangible property was expressly "subject to the exceptions contained herein." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Vernon 1970). The Act does not contain such language in its current codified version. Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). Appellant contends because of the deletion of the above quoted language, rather than being a limitation upon § 101.021, § 101.-022 now provides for a separate cause of action. Thus, they reason, a cause of action arising from a condition or use of tangible personal or real property is separate and measured by an ordinary care standard rather than the more severe test provided in § 101.022. We disagree.

Tex.Civ.Prac. & Rem.Code Ann. § 1.001(a) (Vernon 1986) expressly states, "This code is enacted as a part of the state's continuing statutory revision program,.... The program contemplates a topic-by-topic revision of the state's general and permanent statute law *without substantive change.*" (emphasis added). The intent of the Legislature that no substantive changes be made in the codification is clearly stated. Thus, absent amendments subsequent to its codification, we find the

Torts Claims Act to have the same substantive meaning as it did prior to codification.

In *State v. Tennison,* 509 S.W.2d 560 (Tex.1974), our Supreme Court considered the Tort Claims Act statute as it existed prior to codification, and, in doing so, clearly rejected the theory advanced by appellants. As noted by the Court:

> The respondents take the position that the Texas Tort Claims Act creates two entirely separate grounds of liability. They argue that Article 6252–19, Section 3 [creation of liability part now contained in Tex.Civ.Prac.Rem.Code § 101.021], creates a broad general basis of liability. The argument is that Section 3 contains no limitation of the State's duty, such as that set out in Section 18(b) [now Tex. Civ.Prac.Rem.Code § 101.022]. They say that Section 3 imposes the common law duty of ordinary care upon the State in cases arising out of the active use of the State's property, real or personal. They further contend the limitation placed upon the State's liability by Section 18(b) is not applicable in this case because of the active negligence of the State's agent in creating the dangerous condition by the manner in which he maintained the floor.

*Id.* at 562.

The Court rejected the respondents' contention and held that § 18(b) [now Tex.Civ. Prac.Rem.Code § 101.022] is a limitation upon the general liability created by § 3 [now Tex.Civ.Prac.Rem.Code]. *Id.* at 562. The continued viability of the *Tennison* court's reasoning is shown by the citation of that case, as well as the court's similar holding in the recent, and analogous, case in *State Department of Highways and Public Transportation v. Kenneth Herschel Payne et ux.,* 34 Tex.Sup.Ct.J. 793 (Sept. 14, 1991). We find that holding is applicable to the question before us and requires that we reject appellants' proposition.

Furthermore, even without the language, "Such liability is subject to the exceptions contained herein," the current language of the Texas Torts Claims Act leads to the same result. Section 101.021 expressly provides for governmental liability. Section 101.022 does not purport to create governmental liability but rather to limit the duty owed by the government. Thus, the language of § 101.022 still creates a limitation upon the liability created under § 101.021 and does not, as argued by appellants, create a separate cause of action measured by an ordinary care standard. Appellants' first and second points are overruled.

■ In their third point of error, appellants assert "[t]he trial court erred in failing to recognize that the Department's duty of care under former Section 18(b) [now § 101.022] of the Tort Claims Act *is now a duty of ordinary care.*" (original emphasis). The thrust of appellants' argument is that the trial court erred in disregarding the jury answer to special issue number five. This follows, they reason, because the Department's duty of care, under a premises defect fact pattern, is to exercise reasonable or ordinary care, and, under that standard, the jury's answer to special issue number five justified a judgment in their favor. To support their proposition they place primary reliance upon *Hamric v. Kansas City Southern Ry. Co.,* 718 S.W.2d 916 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.). That reliance is misplaced.

In the *Hamric* case, an accident had occurred at a highway intersection, allegedly because tall grass had blocked the vision of one of the motorists. The State of Texas was one of the defendants. The appellate court reversed summary judgments in favor of the various defendants. However, in discussing the Department's duty, the court recognized that by specific statutory provision (Tex.Rev.Civ.Stat.Ann. 6674q–4), the Department had the responsibility for "the efficient maintenance of all highways comprising the State System" which would include the mowing of grass and weeds. The court held the State was required to exercise reasonable care in discharging that particular duty. *Id.* at 919.

However, in discussing the duty of the Department in a premises defect suit under the Tort Claims Act, the court specifically noted that § 101.022 "generally provides that as to premises defects the unit of

government shall owe a claimant only the duty owed by private persons to a licensee on private property." *Id.* at 918–19. Parenthetically, that duty is not to injure the licensee by willful, wanton or gross negligence. *See State v. Tennison,* 509 S.W.2d at 562; *State Department of Highways and Public Transportation v. Kenneth Herschel Payne et ux.,* 34 Tex.Sup.Ct.J. at 794.

After that discussion, the *Hamric* court went on to note the exception to that rule that applies when the licensor has knowledge of the dangerous condition and the licensee does not. In such an event, the duty owed by the licensor is either to warn the licensee or to make the condition reasonably safe. *Hamric,* 718 S.W.2d at 919.

Appellants' allegations in this case pertain to a premises defect. *See Billstrom v. Memorial Medical Center,* 598 S.W.2d 642 (Tex.Civ.App.—Corpus Christi 1980, no writ). In this type of case, the *Hamric* court specifically recognized the duty owed by the Department was that provided by § 101.022, *i.e.,* the duty owed by a private person to a licensee on private property. We note that in response to special issue number three, the jury answered affirmatively that Hawley knew that the highway was in a dangerous condition on the occasion in question.

The express language of § 101.022 states, "If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property,...." Thus, we hold that the Department's duty of care under § 101.022 of the Texas Tort Claims Act does not rise to a duty to exercise reasonable care, but is rather limited to the duty that a private person owes to a licensee on private property. Under this record, the Department did not violate that duty. Appellants' third point of error is overruled.

In summary, all of appellants' points of error are overruled and we affirm the judgment of the trial court.