**TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**Cecilia M. RAMIREZ, Individually, as Next Friend of Cynthia Cecilia Ramirez and Melinda Amanda Ramirez, Minors; and as Heir of the Estate of Ruben Armando Ramirez, Sr., Deceased; Ruben Armando Ramirez, Jr.,**

Individually and as Heir of the Estate of Ruben Armando Ramirez, Sr., Deceased; and Rene Ramirez, Individually and as Heir of the Estate of Ruben Armando Ramirez, Sr., Deceased, Appellees.

No. 03–00–00594–CV.

Court of Appeals of Texas, Austin.

April 5, 2001.

**378**

Rick Thompson, David B. Strain, Office of the Attorney General, Austin, for appellant.

Price Ainsworth, Francis Y. Pan, Spivey & Ainsworth, P.C., Austin, for appellees.

Before ABOUSSIE, C.J., YEAKEL and PATTERSON, JJ.

JAN P. PATTERSON, Justice.

After a fatal automobile collision on Interstate Highway 35, family members of Ruben Ramirez, Sr. ("appellees") brought a negligence action against the Texas Department of Transportation ("the Department"), asserting a premises defect claim under the Texas Tort Claims Act ("the Act").[1] The Department brings this interlocutory appeal from a district court order denying its plea to the jurisdiction. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(8) (West Supp.2001). In three issues, the Department argues that its sovereign immunity under the Act was not waived because (i) appellees did not sufficiently state a defective condition of the highway; (ii) the Department cannot be held liable for failing to install safety features; and (iii) appellees did not allege an act after January 1, 1970 that caused the collision. We affirm the district court's judgment.

### Background

On the morning of February 14, 1998, Ruben Ramirez, Sr. was traveling southbound in the far west lane of Interstate Highway 35. Just north of the Slaughter Lane overpass in South Austin, at approximately 7:50 a.m., Ramirez's automobile was struck head-on after Maria Vasquez lost control of her car. Prior to the accident, Vasquez had been traveling northbound on the highway when she collided with a vehicle in an adjacent lane. Vas-

---

1. Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.109 (West 1997 & Supp.2001).

quez's car crossed the grassy median separating the north and southbound lanes of the highway as well as two lanes of oncoming southbound traffic before it collided with Ramirez's automobile. As a result of the impact, Ramirez was pronounced dead at the scene of the collision approximately thirty minutes later.

On May 26, 1999, appellees brought this suit against the Department, asserting a single cause of action for negligence under section 101.022(a) of the Act. *Id.* § 101.022(a) (West 1997). The Department filed its original answer on June 25, 1999. Subsequently, on June 28, 2000, the Department filed a motion to dismiss for lack of jurisdiction and a motion for summary judgment. After a hearing, the district court denied both motions. The Department appeals the district court's judgment denying its motion to dismiss for lack of jurisdiction.

### Standard of Review

A plea to the jurisdiction contests the district court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 752 (Tex. App.—Austin 1998, no pet.). Thus, a plea to the jurisdiction is properly employed to present a bar to subject matter jurisdiction. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 637 (Tex.1999). As subject matter jurisdiction presents a question of law, we review a district court's order denying a plea to the jurisdiction *de novo.* *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

We examine a plaintiff's good faith factual allegations to determine whether the district court has jurisdiction. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (1949); *see Bland Indep. Sch. Dist.,* 34 S.W.3d at 554. In reviewing a plea to the jurisdiction, we

may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555. The nature of the issues raised in the plea determines the scope of the court's focus beyond the pleadings. *Id.*

The plaintiff bears the burden of pleading facts that show the district court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). Unless the defendant pleads and proves that the plaintiff's allegations were fraudulently made to confer jurisdiction, they are accepted as true. *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex. 1996). Absent the face of the petition affirmatively demonstrating a lack of jurisdiction, the district court must liberally construe the allegations in the petition in favor of the plaintiff and in favor of jurisdiction. *Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989).

In this case, the Department asserts governmental immunity from suit in its plea to the jurisdiction, arguing in part that the petition does not state a claim under the Act. Because this argument, if correct, has jurisdictional consequences for claims brought under the Act, the Department properly asserted its challenge to the sufficiency of the petition in a plea to the jurisdiction. *See Jones,* 8 S.W.3d at 637 (reversing court of appeals for affirming the denial of the Department's plea without first determining whether Jones's pleadings stated a claim under the Texas Tort Claims Act); *Brown v. City of Houston,* 8 S.W.3d 331, 334 (Tex.App.—Waco 1999, pet. denied) (court did not err in sustaining plea to the jurisdiction because no viable cause of action was alleged under section 101.021 of the Act). The question before us is whether appellees' petition

alleged facts that bring their action within the Act and thus confer jurisdiction on the district court.

## DISCUSSION

### Sovereign Immunity and the Texas Torts Claim Act

■ The doctrine of sovereign immunity protects the State [2] from lawsuits for damages unless waived and consists of two basic principles of law—immunity from liability and immunity from suit. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997); *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970). While immunity from liability does not affect a court's jurisdiction to hear a case, immunity from suit bars an action against the State unless the State expressly consents to the suit. *Federal Sign*, 951 S.W.2d at 405; *Missouri Pac. R.R. Co.*, 453 S.W.2d at 813.

"The courts of our state require clear and unambiguous legislative expression before they will hold that sovereign immunity has been waived." *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). The supreme court recently confirmed that courts of this state should defer to the Texas Legislature's delineation of the boundaries of sovereign immunity. *General Servs. Comm'n v. Little–Tex Insulation Co.*, 44 Tex.Sup.Ct.J. 397, 399, 39 S.W.3d 591, 595 (Tex.2001). In other words, establishing when and to what extent sovereign immunity from suit should be waived is solely within the realm of the Legislature. *Id.; Federal Sign*, 951 S.W.2d at 409.

■ A party suing a governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission. *Jones*, 8 S.W.3d at 637; *Missouri Pac. R.R. Co.*, 453 S.W.2d at 814. Here, in order for their claim to survive, appellees must demonstrate that they have stated a claim for which the Legislature has waived governmental immunity from suit.

■ In Texas, governmental entities are immune from tort liability unless the Legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). The Texas Tort Claims Act contains an express waiver of the State's immunity from suit under certain circumstances. Tex.Civ.Prac. & Rem.Code Ann. § 101.025 (West 1997) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). When immunity has been expressly waived by the Legislature, the court must determine the scope of the waiver from the language of the statute. *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex.1989).

The Legislature did not intend the waiver of sovereign immunity in the Act to be complete. *Bossley*, 968 S.W.2d at 341–42 (discussing the history of the passage of the Act); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 299 (Tex.1995) ("[O]nly causes of action and remedies authorized by the Texas Tort Claims Act are permitted."). But the supreme court has stated that waiver under the Act should be liberally construed to effectuate its purposes. *Robinson v. Central Tex. MHMR Ctr.*, 780 S.W.2d 169, 170 (Tex.1989). Any exercise of liberal construction of the Act, however, must still abide by the supreme court's directive, "Arguments for applications of the Act that would essentially result in its

---

2. As a state agency, the Department enjoys sovereign immunity. Tex.Civ.Prac. & Rem. Code Ann. § 101.001(3) (West Supp.2001); *see also Texas Dept. of Transp. v. Able*, 43 Tex.Sup.Ct.J. 1055, 1056, 35 S.W.3d 608, 611 (Tex.2000); *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976).

waiver becoming absolute must therefore be rejected as contrary to the Act's fundamental purpose." *Bossley*, 968 S.W.2d at 342.

The express waiver of the Act only permits a district court to exercise jurisdiction when a plaintiff sufficiently pleads a claim for which liability has been established under the Act. *Jones*, 8 S.W.3d at 639; *City of Midland v. Sullivan*, 33 S.W.3d 1, 10 (Tex.App.—El Paso 2000, pet. filed); *Prairie View A & M Univ. v. Mitchell*, 27 S.W.3d 323, 327 (Tex.App.—Houston [1st Dist.] 2000, pet. denied). The Texas Supreme Court has outlined the following two-step analysis to determine whether a governmental entity has waived sovereign immunity from suit under the Act:

[I]f a claim is barred by immunity, but immunity is waived under sections 101.021–.022 of the Act, action is still prohibited if the claim falls within [an] exception. If, however, a claim is not barred by immunity, neither the waiver of immunity by the Act, nor the exceptions to that waiver, are relevant.

*Delaney v. University of Houston*, 835 S.W.2d 56, 58 (Tex.1992). Jurisdiction then is conferred upon a district court when a plaintiff alleges sufficient facts to state a claim under the Act and that claim does not fall within one of the Act's exceptions. *Id.*

Section 101.021 addresses the limited circumstances under which a governmental entity will be liable for torts and includes "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex.Civ.Prac. & Rem.Code Ann. § 101.021(2) (West 1997); *see also Texas Dep't of Transp. v. Able*, 43 Tex.Sup.Ct.J. 1055, 1056, 35 S.W.3d 608, 611 (Tex.2000). The supreme court has held that section 101.021(2) includes governmental liability for premises defects because it encompasses liability for conditions of real property and tangible personal property. *Able*, 43 Tex.Sup.Ct.J. at 1057, 35 S.W.3d at 612; *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995). We must first determine whether appellees asserted a cause of action under a section of the Act that created liability, thereby waiving the Department's immunity from suit.

Relying solely upon section 101.022(a) of the Act, appellees pleaded the following negligence cause of action in their petition:

[The Department], as a governmental entity, owed the same duty of care to Mr. Ramirez that a private person would owe a licensee on private property. The [Department] breached that duty by its failure to correct and/or warn Mr. Ramirez of the presence of the defect of the roadway, which was known by the [Department], but not by Mr. Ramirez. Such breach was a proximate cause of the head-on collision in question, which resulted in Mr. Ramirez's untimely tragic death and Plaintiffs' damages.

The original petition failed to mention either section 101.021(2) or 101.025, the provision establishing the parameters of the Act's waiver of immunity from suit and the express waiver itself.

In this case, appellees expressly disclaim that their premises defect claim falls under 101.021(2) of the Act; rather, they argue that section 101.022(a) provides an independent waiver of immunity. Tex.Civ. Prac. & Rem.Code Ann. § 101.022(a). Courts, however, have already rejected this argument, recognizing that, rather than creating liability, section 101.022 of the Act constitutes a limitation on the State's tort liability for premises defects by imposing a duty equivalent to that of a private landowner to a licensee. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974)

(analyzing the Act prior to its codification); *Robnett v. City of Big Spring,* 26 S.W.3d 535, 537 (Tex.App.—Eastland 2000, no pet.); *State Dep't of Hwys. & Pub. Transp. v. Gonzalez,* 24 S.W.3d 533, 535 (Tex. App.—Corpus Christi 2000, no pet.); *University of Tex. Med. Branch v. Davidson,* 882 S.W.2d 83, 85 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Hawley v. State Dep't of Hwys. & Pub. Transp.,* 830 S.W.2d 278, 280–81 (Tex.App.—Amarillo 1992, no writ). Although not constituting an independent waiver of immunity, section 101.022 does serve as a predicate for liability in a premises defect claim and therefore must be referenced. *Able,* 43 Tex.Sup.Ct.J. at 1056, 35 S.W.3d at 612; *DeWitt,* 904 S.W.2d at 653.

Here, appellees' petition references section 101.022 of the Act, thereby properly pleading the required predicate. Because the Act has waived immunity from suit for premises defect claims and this petition attempts to assert such a claim, we may construe the Act liberally and look beyond the fact that the petition does not expressly invoke section 101.021(2), the provision creating liability for such claims. *See Robinson,* 780 S.W.2d at 170. This construction, however, does not relieve appellees of their burden to state a premises defect claim.

### The Requirements to State a Premises Defect Claim Under the Texas Tort Claims Act

■ In its first issue, the Department argues that appellees did not plead sufficient facts to allege a defective condition of the portion of the highway at issue. The supreme court has established the following elements for a premises defect [3] claim:

(1) a condition of the premises created an unreasonable risk of harm to the licensee;

(2) the owner actually knew of the condition;

(3) the licensee did not actually know of the condition;

(4) the owner failed to exercise ordinary care to protect the licensee from danger; and

(5) the owner's failure was a proximate cause of injury to the licensee.

*State Dep't of Hwys. & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992) (citing *Tennison,* 509 S.W.2d at 561).

■ Unless a plaintiff alleges that a legal duty sufficient to impose liability under the Act exists and has been violated, sovereign immunity is not waived. *City of Denton v. Van Page,* 701 S.W.2d 831, 834 (Tex.1986). The Legislature has expressly stated that, with respect to premises defect claims, governmental entities owe "only the duty that a private person owes to a licensee on private property, unless the claimant pays for use of the premises." Tex.Civ.Prac. & Rem.Code Ann. § 101.022(a). This duty requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Payne,* 838 S.W.2d at 237.

While the Act does not expressly define the term "condition," Texas courts have described the term as "an intentional or an inadvertent state of being." *Sparkman v. Maxwell,* 519 S.W.2d 852, 858 (Tex.1975);

---

3. Whether a condition is a premises or special defect presents a question of law. *State Dep't of Hwys. & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992). A state highway has been viewed as a premises. *Sutton v. State Hwy. Dep't,* 549 S.W.2d 59, 61 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.). Appellees do not assert that their claim is based on a special defect.

see also *Gonzalez,* 24 S.W.3d at 537 (providing the Oxford English Dictionary definition of "condition" as "a particular mode or state of being of a thing"). The Act's language "condition or use" has also been interpreted as implying "that such property was furnished, was in bad or defective condition or was wrongly used." *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 302 (Tex.1976) (Greenhill, C.J., concurring); see also *Texas Dep't of Transp. v. Henson,* 843 S.W.2d 648, 650 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The supreme court in *Salcedo v. El Paso Hospital District* stated that the phrase "some condition" required "an allegation of defective or inadequate property when 'some condition' of property is a contributing factor to the injury." 659 S.W.2d 30, 32 (Tex.1983).[4]

■ In paragraphs ten and eleven of the original petition, appellees alleged as follows:

The condition of the highway at or near the location of the collision [that] made the basis of this suit was dangerous. Prior to the death of Mr. Ramirez on February 14, 1998, there had been numerous head-on collisions involving vehicles crossing the narrow grass median and colliding with vehicles traveling in the opposite direction.

The stretch of Interstate 35 in question has been continuously controlled, supervised, and maintained by . . . [the Department]. As of the date of this filing, . . . [the Department] has taken no action to correct the defect of the roadway and/or to warn the public using the roadway of the defect of the roadway.

This petition simply asserts that a dangerous condition existed on the stretch of highway in question. While we must accept the facts alleged by a plaintiff as true absent a challenge from a defendant, we are not bound to accept the legal and factual conclusions that the plaintiff draws from the pleaded facts. *Firemen's Ins. Co. v. Board of Regents of the Univ. of Tex. Sys.,* 909 S.W.2d 540, 542 (Tex.App.—Austin 1995, writ denied). When jurisdictional issues are raised, as here, we are required to look beyond the petition to the extent necessary to determine whether jurisdiction has been conferred. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555.

At oral argument, appellees contended that a premises defect was clearly identified in their expert's report, which was considered at a hearing on the Department's motion to dismiss and motion for summary judgment. In particular, appellees' counsel argued that the report, authored by R.T. Abrahamson, an expert in forensic and human engineering and accident reconstruction, identifies the alleged defect—the slope of the northbound lanes in relation to the southbound lanes and the slope of the grassy median. In their supplemental brief, however, appellees merely state, "It is a defective condition of IH 35 that allows a car traveling in the opposite direction to cross a median," suggesting that the alleged defect may be the Department's failure to install safety features. Attributing a liberal construction to the facts alleged in the petition and examining, to a limited extent, the record beyond the petition, we conclude that appellees have sufficiently alleged a defective condition. Issue one is overruled.

Assuming without deciding that the facts in the petition also sufficiently allege the remaining elements of a premises defect claim under the Act, we turn to the second step of analysis to determine if the

---

4. The supreme court has expressly limited the *Salcedo* decision to its specific facts. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 342 (Tex.1998).

Department has waived sovereign immunity under the Act. *See Delaney*, 835 S.W.2d at 58. This step requires us to examine whether the claim falls within one of the Act's exceptions. *Id.*

### Exceptions to the Waiver of Sovereign Immunity Under the Act

■ In its second and third issues, the Department maintains that sections 101.056 and 101.061, which carve out exceptions to the Act's waiver of sovereign immunity, apply to this case, leaving the Department's sovereign immunity intact. Specifically, the Department argues that it cannot be held liable for failing to install safety features and, further, that appellees did not allege an act after January 1, 1970 that caused the collision. Appellees contend that we should not consider these arguments because they were not raised in the district court. Because the record reveals otherwise, we will proceed with our review of the Department's second issue.[5]

■ Section 101.056 provides:

This chapter does not apply to a claim based on:

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

Tex.Civ.Prac. & Rem.Code Ann. § 101.056 (West 1997). Thus, this section provides

that when a governmental entity's acts are discretionary,[6] the entity does not waive its sovereign immunity. *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex.1999); *State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994). The purpose of this exception is "to avoid judicial review that would question the wisdom of a government's exercise of its discretion in making policy decisions" and to serve the interests in "effective, unfettered performance of officials in making policy decisions and the maintenance of the separation of powers between the executive, legislative and judicial branches of government." *State v. Terrell*, 588 S.W.2d 784, 787 (Tex.1979).

In addition, the Department argues that appellees' premises defect claim is barred by section 101.061, which reads, "This chapter does not apply to a claim based on an act or omission that occurred before January 1, 1970." Tex.Civ.Prac. & Rem. Code Ann. § 101.061. In light of the procedural posture here, which prevents us from considering the merits, the question before us is whether the Department has shown that appellees' petition, on its face, alleges facts which fall within either of these exceptions, thereby affirmatively demonstrating a lack of jurisdiction.

■ To successfully challenge a district court's subject matter jurisdiction, a defendant, like the Department, must prove either that (i) the plaintiff's pleadings, when taken as true, affirmatively establish that the court does not have subject matter jurisdiction; or (ii) the plaintiff has pleaded fraudulently or in bad faith to confer jurisdiction. *See*

---

**5.** The Department presented both arguments in its motion to dismiss.

**6.** Whether a governmental act is discretionary is a question of law. *State v. San Miguel*, 2 S.W.3d 249, 251 (Tex.1999); *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex.1999). Design of a public work, such as a state highway, is

generally a discretionary function that involves numerous policy decisions, including what type of safety features to install. *San Miguel*, 2 S.W.3d at 251; *Rodriguez*, 985 S.W.2d at 85; *see also Maxwell v. Texas Dep't of Transp.*, 880 S.W.2d 461, 463–64 (Tex. App.—Austin 1994, writ denied).

*Curbo v. State,* 998 S.W.2d 337, 342 (Tex.App.—Austin 1999, no pet.). We agree with the Department that appellees' petition may be deficient in terms of specificity and consistency. But we cannot ignore that the Department had at its disposal procedural methods to require appellees to plead its claim more specifically and chose not to do so. *See Godley Indep. Sch. Dist. v. Woods,* 21 S.W.3d 656, 660–61 (Tex.App.—Waco 2000, pet. filed).

A court should not grant a plea to the jurisdiction without first allowing a plaintiff an opportunity to replead if the jurisdictional defect is susceptible to amendment to show the court's jurisdiction. *Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960); *see also Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Peek,* 779 S.W.2d at 805. When a jurisdictional defect is curable, the true issue is one of sufficiency of pleading, not of jurisdiction. *Bybee,* 331 S.W.2d at 917. Because the Department did not seek to require appellees to replead their claim more specifically, it is now also saddled with the lack of detail in the current pleading. From the record before us, we cannot say the Department has established that appellees' claim falls within the exceptions delineated in section 101.056 or 101.061 of the Act. Accordingly, appellant's second issue is overruled.

## CONCLUSION

Having overruled both of its issues, we conclude that the Department has not satisfied its burden to establish that appellees' petition affirmatively demonstrates a lack of jurisdiction. Accordingly, we affirm the district court's judgment denying the Department's plea to the jurisdiction.