NO. 07-02-0053-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 28, 2002



______________________________



BETTY ANN NEWBY, 


 

 Appellant


v.



TISDALE SIDING, INC.



 Appellee

_________________________________



FROM THE COUNTY COURT OF HUTCHINSON COUNTY;



NO. 5682; HON. JACK WORSHAM, JUDGE


_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant Betty Ann Newby, proceeding pro se, filed a notice of appeal from the trial
court's judgment dated October 7, 2001. Both the clerk's record and reporter's record have
been filed. Appellant's brief was originally due March 4, 2002, which date came and went
without a brief or extension being filed. The Court notified appellant on March 14, 2002, 

that the brief was past due and that failure to reasonably explain the reasons therefor could
result in dismissal. On March 15, 2002, a motion for extension of time to file the brief was
filed and appellant was granted an extension until March 29, 2002. So too was she
admonished that no further extensions would be granted without extreme and unusual
circumstances. The March 29, 2002 deadline passed without appellant filing either a brief
or a further motion to extend the deadline. The Court then dismissed the cause for want
of prosecution on April 4, 2002. This resulted in the appellant filing a motion for rehearing
wherein Newby contended that she was denied notice of the court's intent to dismiss if the
brief was not filed. Concluding that such notice was not afforded her, the Court granted
the motion for rehearing and reinstated the cause. However, it ordered appellant to file her
brief no later than ten days from the order dated May 9, 2002 and notified her that the
failure to comply would result in dismissal of the cause. Ten days passed without appellant
filing either a brief or a further motion to extend the deadline. 

 Accordingly, we dismiss the appeal for want of prosecution. See Tex. R. App. P.
38.8(a)(1) and 42.3(b) and (c).


 Per Curiam

 


Do not publish.



tra pit so that it deflected light and sound from the orchestra. The configuration of
the stage, including placement of the awning and tape, had been completed before the day
on which Heather was injured. 

 At the time Heather fell, the theater "house lights" had been turned off, but stage
lighting was on. The Ballet Lubbock representative supervising the rehearsal was giving
instructions to Heather and other performers. The orchestra pit was between the
supervisor, who was on the theater floor, and the main stage, where Heather and other
performers were located. The lighting was sufficient for the supervisor and the performers
to see each other. While the supervisor was talking to the performers, Heather stepped off
the front of the stage and fell into the orchestra pit. Heather had no recollection of why she
fell. 

 Heather's father, Stephen Gates, sued Texas Tech individually and as Heather's
next friend. Texas Tech filed a motion to dismiss for lack of jurisdiction on the basis of
sovereign immunity. The trial court denied the motion, and Texas Tech appealed. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004). (1)

 On appeal, Gates urges that Texas Tech's sovereign immunity has been waived by
the Tort Claims Act in two ways. First, he asserts that Section 101.021(2) waives immunity
because his claim, in part, is for negligent use of tangible personal property. Second, he
asserts that Section 101.022 waives immunity because his claim also includes a premises
liability claim. 

STANDARD OF REVIEW

 The existence of a court's subject matter jurisdiction over a case or controversy is
a legal question. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
Accordingly, the standard of review is de novo. Id. 



JURISDICTION Appellate review as to subject matter jurisdiction generally begins with review of the
pleadings. The pleader must allege facts that affirmatively demonstrate the court's
jurisdiction to hear the cause. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). Mere reference to, or recitation of, provisions of the Tort
Claims Act in pleadings does not confer jurisdiction on the trial court. See Texas Dep't. of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Courts deciding pleas to the
jurisdiction are not required to look solely to the pleadings but may consider evidence and
must do so when necessary to resolve the jurisdictional issues raised. Bland Indep.Sch.
Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence as to jurisdictional facts is
undisputed, then whether that evidence establishes a trial court's jurisdiction is a question
of law. See Texas Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). If the evidence creates a fact question regarding the jurisdictional issue, then the
trial court cannot grant the plea to the jurisdiction; the fact issue must be resolved by the
fact finder. See id. at 227-28. When reviewing a plea to the jurisdiction in which the
pleading requirement has been met and evidence implicating the merits of the case has
been submitted to support the plea, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. Id. at 228. 

 Gates's live pleading at the time Texas Tech's motion to dismiss was heard was
cursory. It contained a minimum recitation of facts, alleged Texas Tech's liability for
negligence by paraphrasing the language of Sections 101.021(2) and 101.022, and alleged
Heather's damages. Under such circumstances, our review will encompass the pleadings
and, to the extent necessary to determine the jurisdictional issue, evidence presented in
connection with the plea. 

USE OF TANGIBLE PROPERTY

 Gates asserts that Texas Tech negligently used the cloth awning attached to the
front of the main stage, the tape used to mark the front of the main stage, and the front
stage (2) which was lowered to the orchestra pit level. He classifies the awning, the tape and
the adjustable front stage as tangible personal property, and posits that Section 101.021(2)
waives Texas Tech's immunity for Texas Tech's employees' negligent use of the property. 
We disagree. 

 Section 101.021(2) does not waive immunity simply because some tangible personal
property was used by Texas Tech's employees in events preceding Heather's injury. The
actual use of that property by the employees must have caused the injury. See Miller, 51
S.W.3d at 588. In this instance, the "use," if any, that Texas Tech's employees made of
the awning, the tape and the adjustable front stage, within the meaning of Section
101.021(2), ceased when the active adjustment of the stage was complete and the awning
and tape had been attached to the stage. See Dallas County Mental Health and Mental
Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Those activities occurred prior
to the day of Heather's fall. Thus, at the time she fell, the configuration of the stage and
the presence of the awning and tape did no more than create the condition that made her
fall possible. See Bossley, 968 S.W.2d at 343. 

 Moreover, at bottom, Gates's claim is a premises defect claim based on the
configuration of the premises: the existence of an orchestra pit in close proximity to the
main stage. Gates notes that, prior to Heather's fall, other performers had fallen into the
orchestra pit and that the operative facts are undisputed: "Texas Tech had an awning or
black drape at the edge of the stage. Texas Tech had tape at or near the edge of the
stage. Somehow, Heather Gates fell into the open orchestra pit." 

 When a claim against the State involves a premises defect, the Tort Claims Act's
waiver of immunity is limited to that granted by Section 101.022. See Miranda, 133 S.W.3d
at 233; Texas Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 866 (Tex. 2002); Hawley v.
State Dep't of Highways and Pub. Transp., 830 S.W.2d 278, 281 (Tex.App.-Amarillo 1992,
no writ). Accordingly, as regards Gates's claim, Texas Tech's sovereign immunity was not
waived by Section 101.021(a). If Texas Tech's immunity was waived, it had to have been
waived by Section 101.022. 

PREMISES DEFECT

 Texas Tech responds, in part, to Gates's claim that Section 101.022 waives Texas
Tech's immunity by asserting that the stage was designed and constructed before 1970,
was not subsequently altered, and, therefore, Section 101.061 applies. Section 101.061
provides that the Tort Claims Act does not apply to a claim based on an act or omission
that occurred before January 1, 1970. Gates disclaims that his suit seeks to impose liability
because the stage was negligently constructed originally or because the stage is inherently
dangerous as constructed. He urges that Texas Tech's liability results from the adjustable
nature of the front stage which allowed an orchestra pit to be left open adjacent to the main
stage. Assuming, without deciding, that Gates's disclaimer removes his suit from
provisions of Section 101.061, that makes the substance of his claim that Texas Tech was
negligent in making two decisions: (1) to lower the front stage so that an orchestra pit
existed; and (2) to leave the stage in such configuration for Ballet Lubbock's rehearsal. 

 Viewed in such light, Gates's assertion runs afoul of the Discretionary Powers
immunity retained by Section 101.056. Section 101.056 provides that the Tort Claims
Act's waiver of immunity does not apply to: (1) the failure of a governmental unit to perform
an act that the unit is not required by law to perform; or (2) a governmental unit's decision
not to perform an act or its failure to make a decision on the performance or
nonperformance of an act if the law leaves the performance or nonperformance of the act
to the discretion of the governmental unit. Gates does not reference any law that
circumscribes Texas Tech's decisions as to when the front stage should be set at any of
its possible positions. Such decisions, which are effectively decisions regarding the design
of the stage and theater, were within the discretion of Texas Tech's employees. 

 We believe that, as Gates's claim is presented, Section 101.056 controls our
decision, as demonstrated by Ramirez, 745 S.W.3d at 864. In Ramirez, the plaintiffs sued
the Texas Department of Transportation (TxDOT) under the Tort Claims Act because of
a traffic accident which resulted in the death of Ruben Ramirez, Sr. The accident occurred
as Ruben was driving southbound on Interstate Highway 35 in Austin. A northbound driver
on the opposite side of the highway lost control of her car. That car crossed the grassy
median and hit Ruben's car head-on, killing Ruben. Ruben's widow and children
(collectively, Ramirez) alleged that the condition of the highway where the accident
occurred was dangerous and that TxDOT had a duty to correct and/or to warn Ruben of
the defective roadway. Id. Evidence was offered at the jurisdiction hearing to support
Ramirez's theory that the dangerous nature of the highway could have been remedied by
flattening the median's slope or installing safety features such as barriers or guardrails. 
Evidence was also offered of similar accidents on the same section of highway. 

 The Supreme Court noted that the design of any public work such as a roadway is
a discretionary function and the governmental entity responsible may not be sued for such
decision. The Court then held that the slope of the median and lack of safety features were
discretionary decisions for which TxDOT retained immunity under the discretionary-function
exception of Section 101.056. Id. 

 It follows that, because the Texas Tech stage configuration was the result of
discretionary decisions by Texas Tech's employees, Texas Tech retained immunity under 
Section 101.056. See id. 

 Our determination that Texas Tech has immunity from Gates's claim pretermits our
considering whether the theater's configuration of a main stage with an adjacent orchestra
pit is a premises defect within the meaning of Section 101.022. We offer no opinion on the
question. See Tex. R. App. P. 47.1. 

 

CONCLUSION

 The Legislature has not waived Texas Tech's immunity for the claims asserted. 
The order denying Texas Tech's plea to the jurisdiction is vacated. Gates's suit is
dismissed for want of jurisdiction. 

 

 Phil Johnson

 Chief Justice





1. 
 " " 
2.