NO. 07-03-0138-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 9, 2004

_____

TEXAS TECH UNIVERSITY, APPELLANT

V.

STEPHEN GATES, INDIVIDUALLY AND ON
BEHALF OF HEATHER GATES, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-516,616; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Texas Tech University appeals from the trial court's denial of its plea to the jurisdiction in a personal injury case. The order denying Texas Tech's plea to the jurisdiction is vacated and Gates's suit is dismissed for want of jurisdiction.

BACKGROUND

Eleven-year-old Heather Gates was a student of Ballet Lubbock and was participating in a rehearsal on the Texas Tech University Main Theater stage when she fell into the orchestra pit which was adjacent to the front of the main stage. She was injured.

The front part of Texas Tech's stage (the "front stage") was designed and constructed so that it could be adjusted to three possible levels. One level was the "stage level," which was even with the main part of the stage (the "main stage"). A second level was even with the main floor of the theater. The third level was below the main floor of the theater. When the front stage was adjusted to the third level, it formed an orchestra pit. Before the day on which Heather fell, the front stage had been adjusted to the orchestra pit level in order to duplicate actual stage conditions for rehearsal of a separate upcoming Texas Tech production. Tape had been used to mark the front edge of the main stage. A black cloth similar to a store awning had been attached across the front of the main stage, slightly below stage level. The cloth awning extended down and out over the orchestra pit so that it deflected light and sound from the orchestra. The configuration of the stage, including placement of the awning and tape, had been completed before the day on which Heather was injured.

At the time Heather fell, the theater "house lights" had been turned off, but stage lighting was on. The Ballet Lubbock representative supervising the rehearsal was giving instructions to Heather and other performers. The orchestra pit was between the supervisor, who was on the theater floor, and the main stage, where Heather and other

performers were located.  The lighting was sufficient for the supervisor and the performers to see each other.  While the supervisor was talking to the performers, Heather stepped off the front of the stage and fell into the orchestra pit.  Heather had no recollection of why she fell.

Heather's father, Stephen Gates, sued Texas Tech individually and as Heather's next friend.  Texas Tech filed a motion to dismiss for lack of jurisdiction on the basis of sovereign immunity.  The trial court denied the motion, and Texas Tech appealed.  See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2004).[1]

On appeal, Gates urges that Texas Tech's sovereign immunity has been waived by the Tort Claims Act in two ways.  First, he asserts that Section 101.021(2) waives immunity because his claim, in part, is for negligent use of tangible personal property.  Second, he asserts that Section 101.022 waives immunity because his claim also includes a premises liability claim.

## STANDARD OF REVIEW

The existence of a court's subject matter jurisdiction over a case or controversy is a legal question.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  Accordingly, the standard of review is *de novo*.  Id.

---

[1]Reference to a provision of the Civil Practice and Remedies Code hereafter will be by reference to "Section _."

JURISDICTION

Appellate review as to subject matter jurisdiction generally begins with review of the pleadings. The pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Mere reference to, or recitation of, provisions of the Tort Claims Act in pleadings does not confer jurisdiction on the trial court. See Texas Dep't. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Courts deciding pleas to the jurisdiction are not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. Bland Indep.Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence as to jurisdictional facts is undisputed, then whether that evidence establishes a trial court's jurisdiction is a question of law. See Texas Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction; the fact issue must be resolved by the fact finder. See id. at 227-28. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence implicating the merits of the case has been submitted to support the plea, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. Id. at 228.

Gates's live pleading at the time Texas Tech's motion to dismiss was heard was cursory. It contained a minimum recitation of facts, alleged Texas Tech's liability for negligence by paraphrasing the language of Sections 101.021(2) and 101.022, and alleged

Heather's damages. Under such circumstances, our review will encompass the pleadings and, to the extent necessary to determine the jurisdictional issue, evidence presented in connection with the plea.

## USE OF TANGIBLE PROPERTY

Gates asserts that Texas Tech negligently used the cloth awning attached to the front of the main stage, the tape used to mark the front of the main stage, and the front stage[2] which was lowered to the orchestra pit level. He classifies the awning, the tape and the adjustable front stage as tangible personal property, and posits that Section 101.021(2) waives Texas Tech's immunity for Texas Tech's employees' negligent use of the property. We disagree.

Section 101.021(2) does not waive immunity simply because some tangible personal property was used by Texas Tech's employees in events preceding Heather's injury. The actual use of that property by the employees must have caused the injury. See Miller, 51 S.W.3d at 588. In this instance, the "use," if any, that Texas Tech's employees made of the awning, the tape and the adjustable front stage, within the meaning of Section 101.021(2), ceased when the active adjustment of the stage was complete and the awning and tape had been attached to the stage. See Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Those activities occurred prior to the day of Heather's fall. Thus, at the time she fell, the configuration of the stage and

---

[2]Texas Tech disagrees that the adjustable portion of the stage was anything other than an integral part of the theater building. Our decision makes the question moot.

the presence of the awning and tape did no more than create the condition that made her fall possible. See Bossley, 968 S.W.2d at 343.

Moreover, at bottom, Gates's claim is a premises defect claim based on the configuration of the premises: the existence of an orchestra pit in close proximity to the main stage. Gates notes that, prior to Heather's fall, other performers had fallen into the orchestra pit and that the operative facts are undisputed: "Texas Tech had an awning or black drape at the edge of the stage. Texas Tech had tape at or near the edge of the stage. Somehow, Heather Gates fell into the open orchestra pit."

When a claim against the State involves a premises defect, the Tort Claims Act's waiver of immunity is limited to that granted by Section 101.022. See Miranda, 133 S.W.3d at 233; Texas Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 866 (Tex. 2002); Hawley v. State Dep't of Highways and Pub. Transp., 830 S.W.2d 278, 281 (Tex.App.–Amarillo 1992, no writ). Accordingly, as regards Gates's claim, Texas Tech's sovereign immunity was not waived by Section 101.021(a). If Texas Tech's immunity was waived, it had to have been waived by Section 101.022.

PREMISES DEFECT

Texas Tech responds, in part, to Gates's claim that Section 101.022 waives Texas Tech's immunity by asserting that the stage was designed and constructed before 1970, was not subsequently altered, and, therefore, Section 101.061 applies. Section 101.061 provides that the Tort Claims Act does not apply to a claim based on an act or omission that occurred before January 1, 1970. Gates disclaims that his suit seeks to impose liability

-6-

because the stage was negligently constructed originally or because the stage is inherently dangerous as constructed. He urges that Texas Tech's liability results from the adjustable nature of the front stage which allowed an orchestra pit to be left open adjacent to the main stage. Assuming, without deciding, that Gates's disclaimer removes his suit from provisions of Section 101.061, that makes the substance of his claim that Texas Tech was negligent in making two decisions: (1) to lower the front stage so that an orchestra pit existed; and (2) to leave the stage in such configuration for Ballet Lubbock's rehearsal.

Viewed in such light, Gates's assertion runs afoul of the Discretionary Powers immunity retained by Section 101.056. Section 101.056 provides that the Tort Claims Act's waiver of immunity does not apply to: (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or (2) a governmental unit's decision not to perform an act or its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit. Gates does not reference any law that circumscribes Texas Tech's decisions as to when the front stage should be set at any of its possible positions. Such decisions, which are effectively decisions regarding the design of the stage and theater, were within the discretion of Texas Tech's employees.

We believe that, as Gates's claim is presented, Section 101.056 controls our decision, as demonstrated by Ramirez, 745 S.W.3d at 864. In Ramirez, the plaintiffs sued the Texas Department of Transportation (TxDOT) under the Tort Claims Act because of a traffic accident which resulted in the death of Ruben Ramirez, Sr. The accident occurred as Ruben was driving southbound on Interstate Highway 35 in Austin. A northbound driver

on the opposite side of the highway lost control of her car. That car crossed the grassy median and hit Ruben's car head-on, killing Ruben. Ruben's widow and children (collectively, Ramirez) alleged that the condition of the highway where the accident occurred was dangerous and that TxDOT had a duty to correct and/or to warn Ruben of the defective roadway. Id. Evidence was offered at the jurisdiction hearing to support Ramirez's theory that the dangerous nature of the highway could have been remedied by flattening the median's slope or installing safety features such as barriers or guardrails. Evidence was also offered of similar accidents on the same section of highway.

The Supreme Court noted that the design of any public work such as a roadway is a discretionary function and the governmental entity responsible may not be sued for such decision. The Court then held that the slope of the median and lack of safety features were discretionary decisions for which TxDOT retained immunity under the discretionary-function exception of Section 101.056. Id.

It follows that, because the Texas Tech stage configuration was the result of discretionary decisions by Texas Tech's employees, Texas Tech retained immunity under Section 101.056. See id.

Our determination that Texas Tech has immunity from Gates's claim pretermits our considering whether the theater's configuration of a main stage with an adjacent orchestra pit is a premises defect within the meaning of Section 101.022. We offer no opinion on the question. See TEX. R. APP. P. 47.1.

CONCLUSION

The Legislature has not waived Texas Tech's immunity for the claims asserted. The order denying Texas Tech's plea to the jurisdiction is vacated. Gates's suit is dismissed for want of jurisdiction.


Phil Johnson
Chief Justice